John Thomas **FITTS**, Appellant

v.

**UNITED STATES of America**,
Appellee.

No. 7761.

United States Court of Appeals,
Tenth Circuit.

Aug. 12, 1964.

60. Public Service Corp. of New York v. FPC, D.C.Cir., 1964, 329 F.2d 242.

**1022**

Charles R. Fredrickson, Denver, Colo., for appellant.

Melvin Gradert, Asst. U. S. Atty., (Newell A. George, U. S. Atty., was with him on the brief) for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

For the third time in less than four years appellant John Thomas Fitts is before us on an appeal from a conviction of a violation of the Dyer Act.[1] The first case arose in Colorado;[2] the second in the Western District of Oklahoma;[3] and the present in Kansas. The three cases have one point in common, the defense of insanity. The current appeal is from a jury verdict of guilty and a sentence of four years to run concurrently with the sentence imposed in the Western District of Oklahoma.

■ A narration of the evidence is unnecessary. The record sustains the verdict.

Aware of Fitts' previous bouts with the law and his claims of mental incompetency, the prosecution complied with the law of this circuit and undertook the burden of proving that Fitts was mentally competent.[4] The instructions of the court are attacked on the ground that they fail to meet the requirements of the test of criminal responsibility announced in Wion v. United States, 10 Cir., 325 F.2d 420, 430. Although the instructions do not follow the exact language of Wion, they adequately cover the principles there stated and present no reason for reversal.

■ Objection is also made to a portion of the instructions relating to knowledge of the accused. The attacked language says that if the jury finds that the defendant believed he owned an interest in the automobile and believed that he had the right to possession, then he should not be convicted.[5] Counsel argues that the disjunctive "or" should have been used in place of the conjunctive "and," because the accused might not believe that he owned the car and yet believe that he had a right of possession. We do not approve this instruction but, in the circumstances of this case, it was not prejudicial error. The instructions given must be considered as a whole.[6] Particular portions should not be separated and considered apart from the whole.[7] Here counsel has singled out and emphasized one particular statement of the trial court. The instructions taken as a whole adequately covered all elements of the crime, including the knowledge of the accused. Fitts did not testify in his own behalf. The prosecution evidence showed both a claim of ownership and a claim of right to

1. 18 U.S.C. § 2312.

2. Fitts v. United States, 10 Cir., 284 F. 2d 108.

3. Fitts v. United States, 10 Cir., 328 F. 2d 844.

4. See Phillips v. United States, 10 Cir., 311 F.2d 204, 205.

5. The instruction was taken from 27 F. R.D. 146, No. 19.07.

6. Beck v. United States, 10 Cir., 305 F.2d 595, 599, certiorari denied 371 U.S. 890, 895, 83 S.Ct. 186, 9 L.Ed.2d 123.

7. Bary v. United States, 10 Cir., 248 F.2d 201, 214, certiorari denied 359 U.S. 934, 79 S.Ct. 649, 3 L.Ed.2d 635; Martin v. United States, 10 Cir., 100 F.2d 490, 497, certiorari denied 306 U.S. 649, 59 S.Ct. 590, 83 L.Ed. 1048.

possession. The defect of which counsel complains does not require reversal.

The remaining contention is that Fitts was denied due process of law and equal protection of the laws by the trial court's refusal to release him on his personal recognizance. Bond was fixed at $2,500. Release was sought on the ground that the accused desired to locate an alibi witness. The situation is that he was released from the El Dorado, Kansas, jail on the afternoon of December 4, 1963, traveled to Wichita, met a young lady of indefinite description and uncertain name in a bar, and spent the night with her. The episode has no pertinence because the evidence of the prosecution was that the car disappeared from an Oklahoma City used car lot on the night of December 5. The trial court advised Fitts of the subpoena power available to him and said that the Federal Bureau of Investigation could be asked to locate the witness. The refusal to release Fitts on personal recognizance was neither an abuse of discretion nor a denial of due process of law and equal protection of the laws.

Affirmed.