**John Thomas FITTS, Appellant,**

**v.**

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 8592.**

United States Court of Appeals
Tenth Circuit.

April 19, 1966.

Robert M. Brown, Topeka, Kan., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

HILL, Circuit Judge.

Appellant was tried and convicted in the District of Kansas under 18 U.S.C.A. § 2312, commonly known as the Dyer Act.

An appeal followed and this court affirmed the conviction.[1] Thereafter, he filed a petition for a writ of habeas corpus in the same court, which the court considered as a motion under 28 U.S.C.A. § 2255. On the basis of the pleadings, files and records of the case the same was dismissed.

Fitts was arrested by city policemen in Wichita, Kansas, after he was observed by them changing license tags on an automobile. As an incident to the arrest the officers seized the license tag and searched the person of the accused and took from him a sack of articles. Fitts was turned over to the F.B.I. and the prosecution followed.

The record discloses the following additional undisputed facts. Fitts was taken before a United States Commissioner two days after his arrest, where he was formally charged and a warrant issued. A bond was fixed and he was remanded to jail in default of bond. Four days later he was taken before a United States District Judge, where he was represented by retained counsel. At this time he waived indictment by a grand jury, an information was filed against him and he entered his plea of not guilty to charges contained in the information. Before trial his retained counsel withdrew and the court appointed counsel to represent him. The jury trial followed which resulted in a verdict of guilty. During the trial the government offered into evidence the seized license plate and the sack and articles taken from Fitts' person. Objection was made but the exhibits were admitted over such objection. Appointed counsel also objected to the admission of any conversations had between the investigating officers and Fitts because of the two day delay in taking him before a commissioner. This objection was likewise overruled by the trial judge.

Appellant's points raised here may be summarized: (1) That the search of the car and his person were without legal authority and the seized articles were not admissible into evidence at the trial; (2) that he was denied counsel at a preliminary hearing; (3) that he was denied a preliminary hearing; and (4) that the denial of counsel and of a preliminary hearing resulted in depriving him of knowledge that he had a legal basis for a motion to suppress evidence.

We believe the trial court properly dismissed the proceedings on the basis of the pleadings, files and records before it. The validity of the search and seizure had been raised at the trial by the court appointed counsel, the court had then before it all of the facts and circumstances surrounding the same and held both the search and seizure to be valid. In determining the sufficiency of the motion under § 2255, the same court certainly had a right to consider all that it had before it during the course of the jury trial and to give consideration to the court rulings made during the trial. The question raised by appellant's first point merely asked the court to reconsider the rulings made during the trial on evidentiary matters and did not require a new evidentiary hearing.

We see no merit to points two and three. It is true no preliminary hearing was had before a commissioner and none was necessary because the accused within four days after his appearance before a commissioner appeared in district court with retained counsel, waived indictment and consented to prosecution by an information. This certainly eliminated any necessity for a preliminary hearing or the appearance of counsel at a preliminary hearing.

By his last point, appellant says the denial of counsel at a preliminary hearing deprived him of an opportunity to file a motion to suppress evidence. The record shows that during the trial objection was made to the reception of the seized evidence and the trial judge overruled the objection. Therefore, we can see no prejudice to appellant because

[1]. Fitts v. United States, 10th Cir., 335 F.2d 1021, cert. denied, 379 U.S. 979, 85 S.Ct. 682, 13 L.Ed.2d 569.

he did not know prior to trial that he had a legal right to file a motion to suppress evidence. The objection during trial and the court's ruling on the objection served the same purpose that a pretrial motion to suppress evidence would have served.

In conclusion, we agree with appellee in that appellant is clearly attempting to use a § 2255 motion as a substitute for an appeal after judgment upon a jury verdict which was affirmed upon appeal and from which affirmance certiorari was denied.

Affirmed.