SPECTOR, Chief Judge.
Petition for writ of mandamus requiring the respondent to provide a preliminary hearing for the petitioners, all of whom have been charged by informations and none of whom had been held in custody for thirty days at the time the respondent had denied motions for such hearings, is denied on authority of the judgment of the Second District Court of Appeal in Karz v. Overton, Case No. 71-339, filed May 14, 1971 not yet reported.
In addition to the authorities relied upon in Karz, supra, we think it noteworthy to observe that in Volume 1, Federal Practice and Procedure, Section 80, Professor Wright, commenting upon proceedings before magistrates, states, at page 137:
“* * * jn many cases the issue is not when the examination is held but whether it must be held at all. It has recently been said that ‘our federal courts uniformly have held that there is no necessity for a preliminary hearing after a grand jury has returned an indictment.’ [Citing Crump v. Anderson, 1965, 122 U.S.App.D.C. 173, 352 F.2d 649.] For this proposition an abundance of authority may be cited. If the only purpose of the preliminary examination is to determine whether there is good cause for holding the defendant, this is an entirely logical rule. The grand jury has determined the issue of probable cause and there is no need to have a determination by the magistrate. Accordingly, it is held that where a person is first arrested after indictment, rather than on complaint, he is not entitled to a preliminary examination. * * * If he waives indictment and pleads guilty, he cannot complain of the lack of a preliminary examination. [Citing Fitts v. Willingham, C.A. 10th, 1966, 359 F.2d 790.] And finally, if he is first held on a complaint, but thereafter an indictment is returned, a preliminary examination need not be held, or, if it has been commenced, it need not be concluded, for the indictment is sufficient evidence of probable cause.”
While the cases cited by Professor Wright in support of the above proposition deal in the main with indictments, we hold the same rule to be equally applicable where the charges against the defendant are by information rather than indictment.
It is obvious from petitioners’ argumentation that the purpose for which preliminary hearings are being sought is to effect discovery. As pointed out by the court in Karz, supra, discovery can be effected under the liberal discovery provisions found in Florida Rules of Criminal Procedure. *659 The discovery provisions therein are more liberal than those provided by any state in the Union except perhaps California. See this court’s opinion in Harrison v. Wainwright, 243 So.2d 427, and the Supreme Court’s opinion in State of Florida v. Davis, 243 So.2d 587 (Fla.1971).
Our holding that preliminary hearings are not required if either an indictment has been returned or an information has been filed is consistent with the congressional view of the question as embodied in the Federal Magistrates Act of 1968, inasmuch as that statute expressly provides that no preliminary hearing is required if an indictment is returned or an information is filed prior to a date which may already have been fixed for a preliminary hearing. See 18 U.S.C.A., Section 3060(e).
JOHNSON and WIGGINTON, JJ., concur.