291 So.2d 222 (1974)
Patricia Lynn CAMERON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-187.
District Court of Appeal of Florida, Fourth District.
February 1, 1974.
Rehearing Denied April 2, 1974.
Question Certified April 2, 1974.
Robert J. Buonauro of Law Offices of Louis J. Ferris, Jr., Orlando, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Tallahassee, and Frank Kessler, West Palm Beach, Asst. Attys. Gen., for appellee.
*223 WALDEN, Judge.
Defendant appeals her judgment and sentence for possession of more than five grams of marijuana. The only point meriting discussion is whether the trial court erred in failing to grant her motion for a preliminary hearing. It did not. We affirm.
Defendant was charged by information in Orange County on December 5, 1972, with possession of marijuana. On December 11, 1972, she pled not guilty. On December 26, 1972, defendant moved for a preliminary hearing in accordance with F.R.Cr.Pro. 3.122, 33 F.S.A., and under Pugh v. Rainwater, (S.D.Fla. 1971) 332 F. Supp. 1107. On January 2, 1973, defendant's motion for preliminary hearing was denied. Defendant later changed her plea from not guilty to nolo contendere.
A nolo contendere plea waives all defects, except jurisdictional ones, in a proceeding. Chesebrough v. State, Fla. 1971, 255 So.2d 675. Under the rule announced in State v. Ashby, Fla. 1971, 245 So.2d 225, a defendant may plead nolo contendere, conditioned on reservation of a question of law for appellate review. The record reveals defendant specifically preserved the right to appeal the denial of a preliminary hearing when she entered her nolo contendere pleading.
F.R.Cr.Pro. 3.122, in effect at the time the information was filed, provided:
"Rule 3.122 Preliminary Hearing
"(a) Duty of Magistrate. When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a complaint of having committed an offense, the magistrate shall immediately inform him:
(1) of the charge against him;
(2) of the purpose of a preliminary hearing;
(3) of his right to the aid of counsel during the preliminary hearing;
(4) of his right to have or to waive such hearing;
(5) of his right not to testify, and also caution him that in the event he does testify, anything that he says may be used against him in a subsequent hearing or proceeding."
F.R.Cr.Pro. 3.122 has consistently been interpreted in Florida to not require a preliminary hearing where either an indictment or information was returned or filed. Maxwell v. Blount, Fla.App. 1971, 250 So.2d 657, aff'd Fla. 1972, 261 So.2d 175; State ex rel. Hardy v. Blount, Fla. 1972, 261 So.2d 172; Bradley v. State, Fla.App. 1972, 265 So.2d 532; Sangaree v. Hamlin, Fla. 1970, 235 So.2d 729; State v. Hernandez, Fla. 1968, 217 So.2d 109; Palmieri v. State, Fla. 1967, 198 So.2d 633. Effective February 1, 1973, the rule was renumbered to 3.131(a) and changed to read, "A defendant, unless charged in an information or indictment, has the right to a preliminary hearing on any felony charge against him."
Under Pugh v. Rainwater (S.D.Fla. 1971) 332 F. Supp. 1107, and its successor cases, defendant should have been granted a preliminary hearing.
Pugh v. Rainwater, S.D.Fla. 1973, 355 F. Supp. 1286, aff'd in part and vacated in part, 5th Cir.1973, 483 F.2d 778, declared the newly propounded F.R.Cr.Pro. 3.131(a) to be unconstitutional:
"The validity of this practice, which permits the State Attorney to be the sole arbiter of probable cause, has always been the main issue in this case.

"Not only does the present practice permit the State Attorney to block a preliminary hearing, it also allows him to overrule a determination of no probable cause made by a magistrate by refiling an information. Therefore the whole preliminary hearing system is really conditioned upon the desires of the State Attorney. If he files an information prior to the preliminary hearing, none will take place. If he files an information *224 after a magistrate's detached and impartial determination of no probable cause, the accused may remain in jail until trial.

"This practice cannot be reconciled with the constitutional requirements of the due process clause of the fourteenth amendment and the fourth amendment." 355 F. Supp. 1286 at 1289. (Emphasis supplied.)
We note with interest that our new Rule 3.850 is similar to Federal Rule of Criminal Procedure 5(c), which provides:
"A defendant is entitled to a preliminary examination, ... when charged with any offense, . .. which is to be tried by a judge of the district court, ... the preliminary examination shall not be held if the defendant is indicted or if an information against the defendant is filed in district court before the date set for the preliminary examination... ." (Emphasis supplied.)
Under this Federal Rule, which Federal Rule so far as we can discover has not been expressly impeached in Pugh v. Rainwater, 5th Cir.1973, 483 F.2d 778, or otherwise, the filing of an information or indictment obviates the necessity of a preliminary hearing. See generally C. Wright, Federal Practice & Procedure: Criminal § 80, pp. 137-140, cases cited in fn. 82; 18 U.S.C.A. Rule 5, cases cited in Note 114.
Under the circumstances as here reflected, we are altogether satisfied that this court has the proper constitutional jurisdiction and power to decide the preliminary hearing issue.[1] Thus, shall we at this stage follow the constitutional interpretations of the Fifth Circuit Court of Appeals as expressed in Pugh v. Rainwater, 5th Cir.1973, 483 F.2d 778, or rather shall we follow the long established constitutional views of the Supreme Court of Florida as delineated in the earlier mentioned cases? Since the current practice has been so long and firmly established and since the Pugh v. Rainwater requirements would impose new burdens statewide upon the criminal justice structure, we feel that it would be more appropriate[2] and in the interest of orderliness to continue with the present mode until the dust has settled in the federal system and the Florida Supreme Court given an opportunity to consider the problem. Our State Supreme Court may wish to follow the Pugh v. Rainwater pronouncements, or, it may wish to provide under its rulemaking power some alternative method and machinery which would be more expedient that the Purdy plan and yet satisfactory as concerns constitutional requirements.
Thus, we determine that defendant was not entitled to a preliminary hearing inasmuch as an information had been filed.
Defendant's other points have been considered and found to be without merit.
Affirmed.[3]
CROSS, J., and POULTON, TIMOTHY, Associate Judge, concur.
Ordered that appellant's Petition for Rehearing filed February 4, 1974 is hereby denied, and further,
Ordered upon application by the appellant the following question passed upon this court's opinion filed February 1, 1974 is certified to the Supreme Court of Florida *225 as a question of great public interest, to wit:
"DOES THE FAILURE TO GRANT A PRELIMINARY HEARING UNTO A DEFENDANT IN A CRIMINAL CASE WHERE THERE HAS BEEN AN INFORMATION FILED CONSTITUTE REVERSIBLE ERROR?"
NOTES
[1] It is our advice that United States Supreme Court currently has this problem under advisement.
[2] Hoffman v. Jones, Fla. 1973, 280 So.2d 431.
[3] In the absence of conflict, we announce our willingness, upon proper application, to certify the preliminary hearing issue to the Florida Supreme Court as being a question of great public interest, per Rule 4.5(c)(6) (2), Florida Appellate Rules, 32 F.S.A.