OVERTON, Chief Justice.
This is a petition for writ of cer-tiorari to review the decision of the Fourth District Court of Appeal reported at 291 So.2d 222 (Fla.App. 4th, 1974). The District Court certified the following question:
“Does the failure to grant a preliminary hearing unto a defendant in a criminal case where there has been an information filed constitute reversible error ?”
We have jurisdiction.[1]
The petitioner was charged by information on December 5, 1972, with possession of marijuana. She subsequently entered a plea of not guilty and on December 21, 1972, filed a motion for preliminary hearing pursuant to Rule of Criminal Procedure 3.122 (1972). The trial court denied the motion and subsequently the petitioner filed a motion to suppress tangible evidence which was also denied. The District Court affirmed without opinion the issues concerning the motion to suppress.
Subsequent to the certification of the question, the Supreme Court of the United States answered the question in Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54 (1975). We implemented the decision by amending this Court’s Rule of Criminal Procedure 3.131, 309 So.2d 544 (1975).
The record in this cause concerning the petitioner’s application for bail on appeal reflects that she was not in custody. The denial of a preliminary hearing under the circumstances of this cause was correct and is affirmed.
*818 Accordingly, the writ of certiorari is discharged.
ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.

. Ma.Const., Art. V, 3(b) (3).