361 So.2d 818 (1978)
Gary Jerome BELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 78-878.
District Court of Appeal of Florida, Fourth District.
August 9, 1978.
Ronald S. Webster of Whittaker, Pyle, Stump & Webster, Orlando, for petitioner.
John R. Heffernan, Jr., Asst. State's Atty., Orlando, for respondent.
MOORE, Judge.
This is a petition for writ of certiorari and, in the alternative, a petition for writ of mandamus wherein petitioner contests the validity of an order denying his motion for an adversary preliminary hearing. We treat the petition as one for a writ of common law certiorari.
Petitioner was arrested and charged with several felony offenses, including attempted murder in the first degree, aggravated battery, resisting arrest with violence and delivery of cannabis. Pursuant to Fla.R. Crim.P. 3.131(a)(1) petitioner appeared before a magistrate who determined in a non-adversary proceeding that probable cause existed, and that the petitioner should be held to answer the charges. Thereafter, petitioner was released on bond. The state failed to file an information or indictment officially charging the petitioner with the crimes specified within 21 days from the date of arrest; but did file such an accusatory pleading on the 23rd day. Petitioner contends that he is entitled to an adversary preliminary hearing pursuant to Fla.R. Crim.P. 3.131(b)(1). As we can see no useful purpose to be served by such an adversary hearing in view of our present speedy trial rules and liberal discovery rules we, nevertheless, reluctantly agree with petitioner.
The respondent, State, contends that no undue restraint has been placed upon the petitioner's liberty because he was released on bond; that Fla.R.Crim.P. 3.131(b)(1) exceeds the dictates of Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); that the relief sought has been realized through the non-adversary probable cause determination, bonding procedures and the taking of discovery depositions; and that the error, if any, is non-fundamental resulting in no irrevocable injury to petitioner.
We agree with respondent's position; however, it is clearly permissible for a state to expand upon the rights of individuals and the Supreme Court of Florida appears to have done so. The sole question before us is whether or not Fla.R.Crim.P. 3.131(b)(1) applies to one who has already obtained a non-adversary probable cause determination, and who is not in custody. We hold that it does so apply.
*819 In the first section of Rule 3.131 the Supreme Court has clearly distinguished the rights of those in custody from the rights of those on pre-trial release. It has not done so in the second section of the Rule which gives all defendants a right to an adversary preliminary hearing when the state fails to file an information or an indictment within 21 days from the date of arrest. This right is not eliminated upon the filing of an information or indictment. Due process requires that, at some point in time, a defendant has the right either to be formally charged with the commission of crime or removed from under the cloud of informal accusations. Our Supreme Court has arbitrarily determined that period of time to be 21 days following arrest after which the right to an adversary preliminary hearing springs into existence, and cannot be eliminated by the subsequent filing of a formal accusatory pleading.
The denial of an adversary hearing under the circumstances of this case constitutes a departure from the essential requirements of law for which no remedy is available upon plenary appeal.
We are fully cognizant of Cameron v. State, 338 So.2d 817 (Fla. 1976) which was decided subsequent to the adoption of the present rule. That case, however, was decided on its own peculiar facts and involved a defendant who had entered a plea of nolo contendere subsequent to being denied an adversary preliminary hearing. See Cameron v. State, 291 So.2d 222 (Fla. 4th DCA 1974).
Certiorari is GRANTED, the temporary stay order issued by this Court is vacated and this cause is REMANDED with instruction to grant petitioner's motion for preliminary hearing.
ANSTEAD and LETTS, JJ., concur.