GRIMES, Judge.
This cause is before the court on a petition for certiorari to review an order denying defendant Mize’s motion for an adversary preliminary hearing. A petition for writ of certiorari is a proper vehicle for review of an order denying such a motion. Bell v. State, 361 So.2d 818 (Fla. 4th DCA 1978).
The resolution of this matter depends upon an interpretation of Florida Rule of *1106 Criminal Procedure 3.131(b)(1), which reads as follows:
(1) When Applicable. A defendant who is not charged in an information or indictment within 21 days from the date of his arrest or service of the capias upon him shall have a right to an adversary preliminary hearing on any felony charge then pending against him. The subsequent filing of an information or indictment shall not eliminate a defendant’s entitlement to this proceeding.
A Florida warrant was issued for the arrest of petitioner on May 20, 1980. The following day, police in Houston, Texas, arrested her as a fugitive from justice. She waived extradition and was transported from Texas to Sarasota, Florida, on May 30, 1980. On June 20, 1980, thirty days after her arrest in Houston, but only twenty-one days after her return to Florida, petitioner was indicted on the charge of first degree murder.
The state argues that although the indictment was not filed within twenty-one days of petitioner’s original arrest, the time referred to in Rule 3.131(b)(1) did not begin to run until the petitioner returned to Florida. However, the rule only refers to the defendant’s arrest not the defendant’s presence within the state. Since the rule does not mandate that the preliminary hearing be held within twenty-one days, the hearing can await the defendant’s return. The state always retains the means to foreclose the right to a preliminary hearing by filing the information or obtaining an indictment within twenty-one days of the arrest.
The state’s contention that petitioner was arrested for the separate crime of being a fugitive from justice rather than for murder is unpersuasive. Clearly, the Florida warrant was the only basis for her arrest by the Texas authorities.
We hold that petitioner is entitled to an adversary preliminary hearing. We quash the order denying petitioner’s motion and remand the case for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and RYDER, J., concur.