OTT, Chief Judge.
In this petition for writ of certiorari, petitioner contends that the trial court’s order denying his request for an adversary preliminary hearing represents a departure from the essential requirements of the law. He cites Florida Rule of Criminal Procedure 3.133(b)(1) and Bell v. State, 361 So.2d 818 (Fla. 4th DCA 1978), in support of his position. We disagree and therefore deny the petition but do so with opinion.
Petitioner was arrested on August 30, 1983. He remained in custody for twenty-one days without an information or indictment being filed. Petitioner’s motion for an adversary preliminary hearing was granted. Prior to the actual hearing, petitioner was released on a surety bond in the amount of $100,000. At the beginning of the scheduled hearing, the state attorney declined to proceed with the adversary preliminary hearing. However, the state attorney did establish that an information had been filed against petitioner after the twenty-one-day period and before the hearing on petitioner’s motion for an adversary preliminary hearing. The trial court thereafter ordered petitioner released on his own recognizance.
Petitioner maintains that under the facts of this case he is entitled to an adversary preliminary hearing at which the state must present all witnesses which will be material to this case. We disagree.
Under rule 3.133(b)(1), a defendant is entitled to an adversary preliminary hearing on any felony charge pending against him where he has not been charged with an information or indictment within twenty-one days from the date of his arrest or service of the capias. The subsequent filing of an information or indictment shall not eliminate a defendant’s entitlement to this proceeding. Id. In cases where probable cause to believe that an offense has been committed and that the defendant committed it is not established and an information has been filed after the twenty-one-day period, the magistrate shall release the defendant on his own recognizance subject to the condition that he appear at all court proceedings. Fla.R.Crim.P. 3.133(b)(5). The defendant could also be released under a summons to appear before the appropriate court at a time certain. Id.
In the instant case, after the prosecutor chose not to proceed with the adversary preliminary hearing, the trial court granted defendant all available relief by releasing him on his own recognizance. Indeed, defendant could have realized no greater relief had the prosecutor presented insufficient proof of probable cause. Because the relief sought has been realized, we find that the trial court’s decision not to reset a date for another adversary preliminary hearing at which the state would be required to present all material witnesses did not amount to a departure from the essential requirements of the law.
We believe that our holding does not conflict with the court’s decision in Bell v. State, supra. There, an information was filed on the twenty-third day after the defendant’s arrest. Although a nonadver-sary preliminary hearing had previously *1061 been held and the defendant was released on bond, he demanded an adversary preliminary hearing. Reluctantly, the court agreed that he was entitled to such a hearing. We believe that the distinguishing factor between Bell and the instant case is that Bell, who was released on bond, could possibly realize some gain if a lack of probable cause were found at the adversary preliminary hearing, i.e., he could be released on his own recognizance.
For the foregoing reasons, defendant’s petition for writ of certiorari is hereby DENIED.
BOARDMAN and LEHAN, JJ., concur.