471 So.2d 218 (1985)
Manuel PAYRET, Petitioner,
v.
Honorable Don T. ADAMS, Judge, 15TH Judicial Circuit, and Richard Wille, Sheriff of Palm Beach County, Respondents.
No. 85-932.
District Court of Appeal of Florida, Fourth District.
June 26, 1985.
*219 Nancy McClintic of Nelson E. Bailey, P.A., West Palm Beach, and Dorothy M. Walker of Law Offices of Walker & Vetrick, Belle Glade, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for respondents.
David Bludworth, State Atty., West Palm Beach, and Richard A. Barlow, Asst. State Atty., Belle Glade, amicus curiae.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, amicus curiae.
HURLEY, Judge.
Petitioner, a prisoner unable to post pretrial bond, seeks a writ of habeas corpus pursuant to a provision in a local administrative order which indicates that he is entitled to personal recognizance release. We conclude that the provision conflicts with a rule of criminal procedure and, consequently, we invalidate the conflicting provision and deny the writ.
Petitioner was arrested on March 26, 1985, for conspiring to traffic in cocaine in excess of 400 grams.[1] He was confined in the Palm Beach County jail with bond set at $150,000. This amount was reduced to $100,000 after a bond reduction hearing, but the petitioner has been unable to post a bond in the reduced sum.
On April 17, 1985, twenty-two days after his arrest, petitioner filed a motion for an adversary preliminary hearing pursuant to rule 3.133, Fla.R.Crim.P. The trial court heard and granted the motion on April 18, 1985. It scheduled an adversary preliminary hearing for the following Thursday, April 25, 1985.
In addition to the foregoing relief, petitioner sought personal recognizance release pursuant to Administrative Order No. 3.003-9/83 of the Fifteenth Judicial Circuit. Provision I(C) of that order states: "If formal charges are not filed by the 21st day, the prisoner shall be brought to first appearance and released O.R." The trial court declined to follow this provision, noting that the state had filed an information on April 17, 1985, (twenty-two days after arrest), which the court found to be "a good faith effort to comply with the rule." We affirm, but for a different reason.
Rule 3.133(b)(1), Fla.R.Crim.P., provides that "[a] defendant who is not charged in an information or indictment within 21 days from the date of his arrest ... shall have a right to an adversary preliminary hearing... ." Subsection (5) of the same rule further provides that
[i]f from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall cause the *220 defendant to be held to answer to the circuit court; otherwise, the magistrate shall release the defendant from custody unless an information or indictment has been filed, in which event the defendant shall be released on his or her own recognizance... .
Provision I(C) of the administrative order undercuts the entire scheme of rule 3.133(b), Fla.R.Crim.P. Rather than predicating release on a finding of no probable cause, the administrative provision mandates personal recognizance release without regard to the existence of probable cause or other relevant considerations. In Berkheimer v. Berkheimer, 466 So.2d 1219, 1221 (Fla. 4th DCA 1985), we noted that "courts of this state are not empowered to develop local rules which contravene those promulgated by the Supreme Court. Nor may courts devise practices which skirt the requirements of duly promulgated rules." (Citation omitted.) Since provision I(C) of Administrative Order No. 3.003-9/83 is inconsistent with rule 3.133, Fla.R.Crim.P., we hold that provision I(C) is null and void. See Rule 2.020(c), Fla.R.Jud. Admin.
We recognize that provision I(C) was developed as a safeguard to prevent prisoners from being "lost" in the system. Indeed, the Florida Rules of Judicial Administration expressly charge the chief judge of the circuit with the responsibility for developing an administrative plan which allows for "mandatory periodic review of the status of the inmates of the county jail." Rule 2.050(b)(3), Fla.R.Jud.Admin. Thus, we wish to emphasize that nothing in this opinion prevents the chief judge from developing an alternate safeguard provision to provide bond review in the event that the state fails to file formal charges in a timely fashion. Reductions in bond, however, must be made on a case-by-case basis with full consideration of legally relevant factors. See Rule 3.131, Fla.R.Crim.P.
Accordingly, the petition for writ of habeas corpus is denied. However, in view of the importance of the issues involved, we certify the following question to be of great public importance:
Is provision I(C) of Administrative Order No. 3.003-9/83 inconsistent with rule 3.133(b), Fla.R.Crim.P.?
DOWNEY and HERSEY, JJ., concur.
NOTES
[1] § 893.135(4), Fla. Stat. (1983).