DANIEL S. PEARSON, Judge.
The petitioner, Jeffrey Kennedy, seeks a writ of habeas corpus, contending that, by virtue of Florida Rule of Criminal Procedure 3.133(b), he is entitled to be released from custody on his own recognizance because the State failed to give him an adversary preliminary hearing within twenty-one days of his arrest.
Kennedy was arrested on September 2, 1985, for strong-arm robbery and resisting a police officer without violence. See §§ 812.13, 843.02, Fla.Stat.(1985). On the following day, the Public Defender was appointed to represent him, and shortly thereafter, the trial court ordered that Kennedy be psychiatrically evaluated and that reports of the evaluation be made to the court by September 23, 1985.
On September 23, the twenty-first day of Kennedy’s incarceration following his arrest, the prosecutor announced that the State was not prepared to file an information, but requested that the case be set for an adversary preliminary hearing pending which Kennedy would remain incarcerated.[1] Rejecting the defendant’s claim that he was entitled to an immediate adversary preliminary hearing or, failing that, immediate release on his own recognizance, the trial court scheduled the adversary preliminary hearing for October 3, 1985. This habeas corpus proceeding followed.
Simply stated, Kennedy’s position is that as of September 23, 1985, when the State failed to formally charge him or go forward with an adversary preliminary hearing, he was entitled to a recognizance release. For the reasons that follow, we disagree and deny the relief requested.
It is clear that the only constitutional prerequisite to extended restraint of liberty following an arrest is that there be a judicial determination of probable cause, *760 which determination can be reliably made without an adversary hearing. Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Florida Rule of Criminal Procedure 3.133(a) sets forth the procedure for implementing the constitutional mandate of Gerstein v. Pugh and, in certain instances, gives to an arrestee greater rights than Gerstein v. Pugh demands. Bell v. State, 361 So.2d 818 (Fla. 4th DCA 1978). The Rule provides that in all cases where a defendant is in custody, a nonad-versary probable cause determination must be held before a magistrate within seventy-two hours of the defendant’s arrest.[2] Fla.R.Crim.P. 3.133(a)(1). In the present case, there is no contention that the nonadver-sary probable cause determination was not timely held or that a finding of probable cause was not made. Thus, the petitioner was obviously not entitled to release under either the Constitution or Florida Rule of Criminal Procedure 3.133(a)(4).
Likewise, but perhaps less obvious, Florida Rule of Criminal Procedure 3.133(b) is not a basis for the petitioner’s release. In pertinent part, the Rule provides:
“A defendant who is not charged in an information or indictment within 21 days from the date of his arrest or service of the capias upon him shall have a right to an adversary preliminary hearing on any felony charges then pending against him. The subsequent filing of an information or indictment shall not eliminate a defendant’s entitlement to this proceeding.”
Fla.R.Crim.P. 3.133(b)(1).
Although this rule extends to an arrested defendant greater rights than the Constitution demands, Bell v. State, 361 So.2d 818, it does not require, as the petitioner suggests, that an adversary preliminary hearing be held within twenty-one days of arrest. Mize v. State, 389 So.2d 1105 (Fla. 2d DCA 1980). Because the State may foreclose the right to an adversary preliminary hearing by filing an information or obtaining an indictment within twenty-one days of arrest, Mize v. State, 389 So.2d at 1106, it would be in derogation of the State’s rights to require it to submit to the hearing before that time period had run. It is not until twenty-one days have elapsed after the defendant’s arrest that “the right to an adversary preliminary hearing springs into existence.” Bell v. State, 361 So.2d at 819. If by then a defendant in custody[3] has had no such hearing and has not been formally charged by indictment or information, he may exercise his now-choate right to a hearing by demanding one. Mize v. State, 389 So.2d 1105; Bell v. State, 361 So.2d 818. We thus conclude that no rule of criminal procedure or provision of the Con *761 stitution[4] authorized Kennedy’s recognizance release on September 23, 1985.[5]
In summary, Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, makes clear that the Constitution requires only that a defendant be afforded a non-adversary probable cause determination by a neutral magistrate. To the extent that Florida’s rules, as they may, give greater rights to defendants, those rights are limited to what the rules provide. Our rules provide the right to an adversary hearing where an information or indictment has not been filed within twenty-one days from arrest, in the case of felony charges only, which right may be completely foreclosed by the filing of an information or indictment within twenty-one days. There is simply no language in the rules that gives a right to an adversary hearing within twenty-one days. Under the rules, release of the defendant is contemplated in only two situations: (1) where a finding of no probable cause is made in either a nonadversary or adversary hearing, and (2) where “the specified time periods for holding a nonadversary probable cause determination have not been complied with.” Fla.R.Crim.P. 3.133(c). No release for a failure to comply with some time limit for an adversary probable cause hearing is mentioned anywhere in the Rule. Thus, in the absence of a claim that the petitioner’s demand for an adversary preliminary hearing was not honored by the scheduling of such a hearing within a reasonable time after his right to the hearing vested, the petition for writ of habeas corpus must be and it is
Denied.

. It is apparently the State’s usual practice to recommend that a defendant be released on his own recognizance when the State is not prepared to file an information by the twenty-first day after the defendant’s arrest and the defendant is still in custody. In the present case, the trial court, advised by one psychiatric report that Kennedy was mentally incompetent, encouraged the State to depart from its usual practice. This salutary practice of recommending recognizance release may have originated with a no longer viable administrative order which, to the extent that it required trial judges to release the defendant on his own recognizance, went too far. See Payret v. Adams, 471 So.2d 218 (Fla. 4th DCA 1985). In Payret the court struck down as inconsistent with Rule 3.133(b) an administrative order which provided that “ ‘[i]f formal charges are not filed by the 21st day, the prisoner shall be brought to first appearance and released O.R.’ [on his own recognizance].” 471 So.2d at 219. The court noted that the provision "undercuts the entire scheme” of Rule 3.133(b), since “[r]ather than predicating release on a finding of no probable cause ... [it] mandates personal recognizance release without regard to the existence of probable cause or other relevant considerations.” Payret v. Adams, 471 So.2d at 220. Implicit in the Payret decision is a recognition that, as we hold today, the Rule does not require that a defendant be released on his own recognizance on the sole basis that he did not receive an adversary hearing within twenty-one days. However, although the Rule does not, and an administrative order cannot, require the defendant’s release, we do not intend our decision to deter in any way the State’s wholesome practice of recommending release on recognizance when it is not prepared to file a formal charge by the twenty-first day. Quite obviously, such a recommendation should be made except in those cases where the State in good faith intends to go forward with an adversary preliminary hearing.

. For good cause, the magistrate may continue the proceeding for not more than twenty-four hours beyond the seventy-two-hour period. Fla.R.Crim.P. 3.133(a)(1). If probable cause is not found or the specified time periods are not complied with, the defendant should be released from custody or released on his own recognizance if an information or indictment has been filed. If release is demanded on the basis of a failure to comply with specified time periods, however, the State must be given a reasonable period of time, not to exceed twenty-four hours, in which to establish probable cause. Fla.R.Crim.P. 3.133(a)(4). In addition, if there has been a finding of no probable cause at either a nonadversary probable cause determination or an adversary preliminary hearing, see Fla.R.Crim.P. 3.133(b), or if the specified time periods for holding a nonadversary probable cause determination have not been complied with, a magistrate may thereafter make a determination of probable cause at a nonadversary probable cause determination. In this event, the defendant should be retained in or returned to custody. A defendant who is retained in or returned to custody pursuant to such a determination has a right to an adversary preliminary hearing on all felony charges. Fla.R.Crim.P. 3.133(c).

. We need not decide whether Rule 3.133(a) would apply to a defendant who is not in custody. Compare Bell (defendant who is not in custody may demand an adversary preliminary hearing pursuant to the provisions of Rule 3.133(b) with Santopolo v. State, 443 So.2d 1059 (Fla. 2d DCA), rev. denied, 451 So.2d 850 (Fla.1984) (when information is filed after the twenty-one-day period, but defendant is released on his own recognizance, the court need not furnish adversary preliminary hearing upon defendant’s demand).

. We note that Section 907.045, Florida Statutes (1985), provides that “[a] defendant who has been confined for 30 days after his arrest without a trial shall be allowed a preliminary hearing upon application.”

. We make clear that the issue of when an adversary preliminary hearing must be held after demand is not before us. Kennedy makes no claim that the trial court’s action in setting the hearing on October 3, 1985, ten days after Kennedy’s arguable demand for one, was unreasonable. Although the 1972 committee notes to Rule 3.131(b) [the predecessor to Rule 3.133(b) ] state that it ”[e]stablishes the time period in which the preliminary hearing must take place,” no provision in either the former or present rule requires that the hearing be held within any particular time period. Where a time period is not specified, courts will normally infer that a reasonable time was intended. See Nobis v. State, 401 So.2d 191 (Ala.Crim.App.), cert. denied, 401 So.2d 204 (Ala.1981). See also Burnsed v. Seaboard Coastline Railroad, 290 So.2d 13, 19 (Fla.1974). In Nobis, the court held that the preliminary hearing must be held within a reasonable time following the defendant’s demand. As the court there stated, "it is difficult to fathom what useful purpose would be served, or how an accused’s substantial rights could be preserved, by requiring an overnight or immediate preliminary hearing.” Nobis v. State, 401 So.2d at 196.