PER CURIAM.
Arnold Beicke seeks relief by petition for writ of habeas corpus, alleging that he is illegally restrained due to the trial court’s incorrect interpretation of Rule 3.133(b), Florida Rules of Criminal Procedure. Upon careful consideration of the petition and the response, we have determined that the petition has merit and we therefore grant the writ.
On April 23, 1988, Beicke was arrested and charged with aggravated battery as a result of an incident wherein he allegedly struck his girlfriend several times with his fist. The victim fled and ran from a motel room toward the road. Petitioner chased the victim and dragged her back to the motel room, where he again struck her and slashed her with a pair of scissors.
Petitioner was given a first appearance the following day and the Public Defender was appointed to represent him. When the state did not file an information within 21 days, petitioner requested an adversary probable cause determination pursuant to Rule 3.133(b). At the hearing on May 25 the state presented no evidence but announced to the court that a two-count information had been filed against Beicke on May 19, charging him in count one with aggravated battery and in count two with aggravated assault. The state conceded that defendant was entitled to release on his own recognizance on the aggravated battery charge but argued that he could be held subject to bail on the new charge. The trial court agreed and set bail at $5000 on count two. Petitioner, who is indigent, remains in the custody of the Leon County Sheriff.
As applied to the facts of this case, Rule 3.133(b)(1) provides that where a defendant is not charged within 21 days of arrest, he is entitled to an adversary preliminary hearing “on any felony charge then pending against him.” In subsection (b)(5), the rule mandates that if the state fails to establish probable cause at the hearing, defendant is entitled to release on his own recognizance if charges have been filed against him between the expiration of the 21 day period and the time of the hearing. In his petition, Beicke contends that a proper construction of Rule 3.133(b) would be to require the state to file an information within 21 days on at least one possible felony charge arising from the criminal episode resulting in arrest or be held to the requirements of Rule 3.133(b). Respondents counter with an argument that if that were the proper construction of the rule, the drafters would have included such language in the text and they point to Florida’s speedy trial rule, Rule 3.191, as an example of one where this requirement has been made explicit.
Counsel for the parties have represented to the court that this case presents an issue of first impression and our own research has revealed no controlling or persuasive case authority. Accordingly, we have determined to decide the issue based on an analysis of the purpose of the rule as well as our interpretation of the language “then pending against him” in Rule 3.133(b)(1).
The purpose of Rule 3.133(b), it seems to us, is to protect persons held in custody from remaining there indefinitely on account of the state’s failure to file formal charges against them. See Rule *275 3.131 (the predecessor rule as adopted in 1972) Author’s Comments, 33 West’s Florida Statutes Annotated. The rule provides for two sanctions against the state for its failure to file within 21 days: First, the requirement of presenting evidence at an adversary hearing, and second, the release of the defendant if probable cause is not established at the hearing. We do not see how the respondents’ interpretation of Rule 3.133(b) serves to promote that purpose because, as petitioner has pointed out, more than one crime can be charged as a result of many criminal episodes and the defendant’s rights under 3.133(b) should not be contingent upon the charges the arresting officer chooses to include or omit from the complaint. Instead, we agree with the petitioner that the state’s failure to file an information charging him with a felony arising from the April 23 episode within 21 days of his arrest subjected the state to the requirements of Rule 3.133(b). Therefore, the state’s failure to present evidence at the adversary hearing entitles Beicke to release on his own recognizance on charges resulting from the criminal episode for which he was arrested.
The conclusion we have reached is reinforced by our agreement with petitioner that the proper construction of the phrase “any felony charge then pending against him” in Rule 3.133(b)(1) is to include all charges pending as a result of the criminal episode at the time of the hearing, not just those made at the time of the arrest.
In view of the foregoing, the petition for writ of habeas corpus is granted and respondent Boone is directed to immediately deliver petitioner to a judge of the Second Judicial Circuit, Leon County, for issuance of an order releasing petitioner on his own recognizance, subject to the condition that he appear at all court proceedings, on all charges arising from the criminal episode of April 23, 1988.
SMITH, C.J., and SHIVERS and JOANOS, JJ., concur.