PER CURIAM.
James William Dumlar petitions this court for a writ of mandamus, arguing that the Circuit Court for Okaloosa County failed to provide him with an adversary preliminary hearing to which he is entitled. For the reasons set forth below, we deny the petition.
Mr. Dumlar was arrested on June 6, 2001. He posted bail and was released. An information was filed on July 11, 2001, charging him with driver’s license fraud and false registration of a motor vehicle. On September 10, 2001, petitioner filed a demand for an adversary preliminary hearing as provided for by Florida Rule of *273 Criminal Procedure 3.133(b). In his motion, he pointed out that more than twen-tyone days had elapsed between the date of his arrest and the filing of the information. When the request for the hearing was denied, the instant petition was filed with this court.
In opposition to the petition, the State argues that relief should be denied because the remedy for failure to timely file the information is the adversary preliminary hearing and, if probable cause is not found by the magistrate, the defendant shall be released on recognizance pursuant to Rule 3.133(b)(5). Here, the defendant is on release status after posting a bond.
In Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the court held that the procedure utilized in Florida at that time, which allowed- a person arrested without a warrant and = charged by information to be detained without a determination of probable cause, was violativé of the Fourth Amendment. Rule 3.133(b) addressed this constitutional issue and provides that an individual who is not charged by information or indictment within twenty-one days of arrest is entitled to an adversary preliminary hearing-to determine whether there is probable cause to believe that an offense has been committed and that the defendant committed it. If the hearing is held and probable cause is not found:
(5) [T]he magistrate shall release the defendant from custody unless an information or indictment has been filed, in which event the defendant shall be released on recognizance subject to the condition that he or she appear at all court proceedings or shall be released under a summons to appear before the appropriate court at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial.
In Bell v. State, 361 So.2d 818 (Fla. 4th DCA 1978), the court held that a defendant was entitled to a hearing on facts similar to those in the case at bar. However, in Santopolo v. State, 443 So.2d 1059 (Fla. 2d DCA 1984), the court reached a contrary conclusion when the defendant was already on release on his own recognizance, reasoning that all the relief to which the defendant could be entitled had been realized. The Santopolo court distinguished Bell on the ground that Mr. Bell was, as petitioner here, released after posting bail rather than on recognizance. We agree with the reasoning in Santopolo and find that it should be extended to cover the situation where the defendant is on release status regardless of how that release was obtained. We certify conflict with Bell.
The only remedy available to the petitioner under Rule 3.133(b) is release on recognizance. Here, as we noted above, petitioner is currently released on bail. We find that the distinction between these forms of release is not of such a magnitude that a Rule 3.133(b) hearing is necessary. In short, petitioner’s ultimate remedy would potentially be his release from confinement, a right which he enjoyed at the time he filed his motion for hearing and which, so far as we are aware, will remain in effect until trial. In the circumstances, no adversary preliminary hearing is required.
PETITION DENIED.
KAHN, DAVIS and VAN NORTWICK, JJ., concur.