FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-5337
_____

KYSHONDA WILLIAMS,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Writ of Mandamus—Original Jurisdiction.


May 30, 2019


PER CURIAM.

    Kyshonda Williams filed a petition for writ of mandamus to compel the trial court in her pending criminal case to hold an adversary preliminary hearing. We conclude that Petitioner does not have a clear legal right to the hearing under rule 3.133(b) and deny the petition.

    After Petitioner was arrested in September 2018, she posted bail and was released with conditions. In November 2018, the State formally charged her with two counts of possession of a controlled substance, one count of use of a weapon in commission of a felony, and one count of possession of cannabis. Later that November, Petitioner filed a motion for an adversarial probable cause hearing. She alleged that the pretrial release conditions

amounted to a restraint on her liberty and that the rules of criminal procedure entitled her to an adversary preliminary hearing. After denying Petitioner's motion, the court modified her pretrial release conditions. They included requiring her to avoid illegal drugs, complete a urinalysis once a week, and avoid contact with her co-defendant husband, except for allowing contact through a third party "for purposes of childcare and parenting." Petitioner now seeks mandamus relief and to compel the trial court to hold an adversary preliminary hearing.

"In order to be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." *Fla. Agency for Health Care Admin. v. Zuckerman Spaeder, LLP*, 221 So. 3d 1260, 1263 (Fla. 1st DCA 2017) (citation omitted). The right must already be clearly established and mandamus may not be used to establish a right. *Id.*

Petitioner contends that rules set forth her right to an adversary preliminary hearing and the opportunity for release with the conditions removed. Florida Rule of Criminal Procedure 3.133(b)(1) provides:

> A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.

If, after a hearing, the court finds no probable cause, but an information has been filed, then "the defendant shall be released on recognizance," without "any restraint on liberty other than appearing for trial." Fla. R. Crim. P. 3.133(b)(5).

Contrary to Petitioner's understanding of the rule, however, this Court has held that no adversary preliminary hearing is required where a defendant has posted bail and is already on pretrial release. *Dumlar v. State*, 808 So. 2d 272, 273 (Fla. 1st DCA 2002); *contra Santopolo v. State*, 443 So. 2d 1059 (Fla. 2d DCA

1984). In *Dumlar*, we concluded that because a defendant's remedy at such a rule 3.133(b)(5) hearing—release on recognizance—is essentially the same as what the defendant already has received—pretrial release after posting bail—that a hearing is not necessary. *Id.* We said that the difference between release on recognizance and release on bail "is not of such a magnitude that a Rule 3.133(b) hearing is necessary." *Id.* We recognize further that the rules contemplate trial courts attaching conditions accompanying a defendant's release on bail. *See* Fla. R. Crim. P. 3.131 (requiring defendants to comply with the conditions of pretrial release ordered by the court).

Thus, in view of *Dumlar*, we cannot conclude that Petitioner has a clear legal right to an adversary preliminary hearing under rule 3.133(b).

Petition DENIED.

RAY, OSTERHAUS, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Alex Christiano of Anabelle Dias, P.A., Tallahassee, for Petitioner.

Ashley Moody, Attorney General, and Trisha Meggs Pate, Bureau Chief, Tallahassee, for Respondent.