DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BENJAMIN COFFIELD,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D20-2250

[April 28, 2021]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John Joseph Murphy, Judge; L.T. Case No. 16-000042CF10A.

Sean T. Marcus of The Law Offices of Sean Marcus, PLLC, Hialeah, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for respondent.

### *ON MOTION FOR REHEARING*

GROSS, J.

We grant petitioner's motion for rehearing and withdraw our order entered on December 16, 2020.

Petitioner was arrested for "interference with custody," a third degree felony, under section 787.03(2), Florida Statutes (2015). More than twenty-one days after the arrest, the state filed an information charging petitioner with interference with custody. On that charge, bond was set at $2,500 at first appearance. Petitioner posted bond on that charge, but remained in custody on charges unrelated to this case.

Almost ten months after the arrest, the state filed an amended information adding the charge of lewd and lascivious battery. Two weeks later, the state served a capias on the new charge upon petitioner at the jail.

The court held an *Arthur*[1] hearing on the new charge and denied bond, finding the proof evident and presumption great.

Sometime later, petitioner moved for an adversarial preliminary hearing under Florida Rule of Criminal Procedure 3.133(b). As to the lewd and lascivious battery charge, the trial court denied the motion because the information was filed before the defendant was served with a capias.

The rule governing an adversary preliminary hearing provides:

> A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.

Fla. R. Crim. P. 3.133(b)(1).

As to the interference with custody charge, the state did not file an information charging that crime until more than twenty-one days had passed from the date of petitioner's arrest. Even though petitioner had posted bond as to that charge, he was nonetheless entitled to an adversary preliminary hearing. *See Bell v. State*, 361 So. 2d 818 (Fla. 4th DCA 1978) (holding that if the State fails to file charges within 21 days from an arrest, a defendant is entitled to an adversary preliminary hearing even after being released on a charge).

As to the lewd and lascivious battery charge, the trial court ruled that Rule 3.133(b)(1) did not apply because the new charge preceded the arrest.

Crucial to this case is how Rule 3.133(b)(1) applies to the lewd and lascivious battery charge.

We agree with the analysis in *Beicke v. Boone*, 527 So. 2d 273 (Fla. 1st DCA 1988). In that case, the First District held that where the state has not filed charges within twenty-one days of arrest, the defendant is entitled to an adversary preliminary hearing on all charges pending as a result of the criminal episode *at the time of the adversary preliminary hearing*.

---

[1] *State v. Arthur*, 390 So. 2d 717 (Fla. 1980).

The defendant in *Beicke* was arrested for aggravated battery. When the state did not file an information within twenty-one days, the defendant moved for an adversary preliminary hearing. *Id.* at 274. Twenty-six days after the arrest, the state filed an information charging the defendant with both aggravated battery and aggravated assault. *Id.* At the adversary preliminary hearing, the state presented no evidence and "conceded that defendant was entitled to release on his own recognizance on the aggravated battery charge." *Id.* But the trial court ruled that the defendant was subject to bail on the aggravated assault charge, which it set at $5,000.

The First District reversed, holding that the defendant was entitled to be released on the aggravated assault charge because the state had presented no evidence at the adversary preliminary hearing. The court held that "the proper construction of the phrase 'any felony charge then pending against him' in Rule 3.133(b)(1) is to include all charges pending as a result of the criminal episode *at the time of the [adversary preliminary] hearing,* not just those made at the time of the arrest." *Id.* at 275. (Emphasis supplied).

The First District reasoned:

> The purpose of Rule 3.133(b), it seems to us, is to protect persons held in custody from remaining there indefinitely on account of the state's failure to file formal charges against them. *See* Rule 3.131 (the predecessor rule as adopted in 1972) Author's Comments, 33 West's Florida Statutes Annotated. The rule provides for two sanctions against the state for its failure to file within 21 days: First, the requirement of presenting evidence at an adversary hearing, and second, the release of the defendant if probable cause is not established at the hearing. We do not see how the respondents' interpretation of Rule 3.133(b) serves to promote that purpose because, as petitioner has pointed out, more than one crime can be charged as a result of many criminal episodes and the defendant's rights under 3.133(b) should not be contingent upon the charges the arresting officer chooses to include or omit from the complaint.

*Id.* at 274–75.

Here, petitioner was entitled to a preliminary hearing on the interference with custody charge. Because the lewd and lascivious battery charge arose out of the interference with custody of the minor, petitioner

3

was entitled to a preliminary hearing on that charge as well. The *Arthur* hearing was not a substitute for an adversary preliminary hearing. The state relied solely on hearsay at the *Arthur* hearing. We have held that the state may not rely solely on inadmissible hearsay at an adversary preliminary hearing. *Perry v. Bradshaw,* 43 So. 3d 180, 181 (Fla. 4th DCA 2010) (following *Evans v. Seagraves,* 922 So. 2d 318 (Fla. 1st DCA 2006)).

For these reasons, we grant the petition for certiorari and remand to the circuit court to conduct an adversary preliminary hearing consistent with this opinion.

*Petition granted and case remanded for proceedings consistent with this opinion.*

WARNER, J., concurs.
MAY, J., dissents with opinion.

MAY, J., dissenting.

I disagree with the majority that the defendant is entitled to an adversary preliminary hearing on the subsequently added charge of lewd and lascivious battery. I therefore dissent from the granting of the motion for rehearing and new majority opinion.

The majority correctly lays out the facts. The State initially arrested the defendant in January 2016 for interference with the custody of a minor, a third-degree felony. The probable cause affidavit also listed a violation of "parole/community control." More than 21 days elapsed before the State filed an information charging the defendant with interference with custody. Bond was set at $2,500. The defendant posted bond but remained in custody due to the parole hold.

The victim later disclosed that she had sex with defendant, and the State then filed an amended information adding a lewd and lascivious battery charge. The State served the defendant with the capias for the new lewd and lascivious battery charge at the jail in October. The "parole hold" was then removed in October 2016.

The court held an *Arthur* hearing on the new lewd and lascivious battery charge in March 2017. The State relied on its "Arthur hearing packet;" no witnesses testified. The court denied bond, finding the proof evident and the presumption great.

More than three years later, in May 2020, the defendant filed a motion to reconsider bond (based on the COVID-19 pandemic) and requested an "adversary preliminary hearing" under rule 3.133(b). The court denied the defendant's request, finding the defendant was "not entitled to an adversary preliminary hearing on the instant lewd and lascivious battery charge because it was filed by Information on September 29, 2016 and before the service of the capias on October 13, 2016."

The defendant then petitioned this court for writs of certiorari and mandamus. We initially denied the petitions. On the motion for rehearing, however, the majority decided that even though the information on the lewd and lascivious battery charge was filed before service of the capias and while the defendant was in custody, the defendant was still entitled to an adversary preliminary hearing because the State filed the initial information on the interference with custody charge beyond the 21-day time deadline. I disagree.

Before we may grant certiorari relief, the petitioner must establish: (1) a departure from the essential requirements of law; (2) resulting in material injury; (3) that cannot be corrected on post-judgment appeal. *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011). To be entitled to mandamus relief, the petitioner (1) must have a clear legal right to the relief; (2) the respondent must have an indisputable legal duty to perform the requested action; and (3) the petitioner must have no other adequate remedy at law. *Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000).

The rule governing adversary preliminary hearings provides: "A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on *any* felony charge *then pending* against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding." Fla. R. Crim. P. 3.133(b)(1) (emphasis supplied).

The defendant argues that the amended information was filed more than 21 days after his initial arrest, and the rule entitles him to an adversary preliminary hearing "on **all felony charges** then pending against the defendant." He argues that allowing the State to "break up" charges would contravene the plain language of the rule and create a "loop hole" that would "encourage the state – on every case – to hold off on charging the most serious offenses, and later add those charges by way of information."

5

The fatal flaw in the defendant's argument is that the lewd and lascivious battery charge could not have been filed within 21 days of the initial arrest because the victim did not disclose that she had sex with defendant until months after the initial arrest. The lewd and lascivious battery offense is distinct and does not arise out of the same criminal episode as the interference with custody count for which defendant was initially arrested.

These facts distinguish this case from *Beicke v. Boone*, 527 So. 2d 273 (Fla. 1st DCA 1988). There, the court held that "the proper construction of the phrase 'any felony charge then pending against him' in Rule 3.133(b)(1) is to include all charges pending *as a result of the criminal episode* at the time of the [adversary preliminary] hearing, not just those made at the time of the arrest." *Id.* at 275. (Emphasis supplied).

In *Beicke,* the State simply added an aggravated assault charge based on the same acts that led to the initial arrest – the defendant striking his girlfriend and chasing her. There were no later-discovered acts that led to a distinct charge like here. The rationale of *Beicke* that "the defendant's rights under 3.133(b) should not be contingent upon the charges the arresting officer chooses to include or omit from the complaint" is inapplicable. Neither the arresting officer, nor the State, could have brought the lewd and lascivious battery charge within twenty-one days of the defendant's arrest because evidence of that crime was not discovered until much later.

Here, the alleged acts that led to the interference with custody count was the defendant maliciously interfering with a parent's right to custody by detaining/concealing the victim, who was a runaway. The lewd and lascivious battery count is based on defendant having sex with the victim, a fact that was not revealed until months following the defendant's initial arrest.

While the offenses are sufficiently connected to be joined under rule 3.150(a), the State could have filed the lewd and lascivious battery count in a separate case with a new information. The information adding the newly discovered lewd and lascivious battery offense was filed before defendant was served with the capias, and the 21-day time limit in rule 3.133(b)(1) was not violated as to this count.

As to the interference with custody count, the majority is correct that we held in *Bell v. State*, 312 So.2d 818 (Fla. 4th DCA 1978), that a defendant is entitled to an adversary preliminary hearing even if he has posted bond. *But see Santopolo v. State*, 443 So. 2d 1059 (Fla. 2d DCA

1984); *Dumlar v. State*, 808 So. 2d 272 (Fla. 1st DCA 2002) (disagreeing with *Bell*). But such a hearing will not result in the defendant's release in this case.

Both certiorari and mandamus are discretionary writs that must be used with caution and only when compelling circumstances merit extraordinary relief. *See Combs v. State*, 436 So. 2d 93, 96 (Fla. 1983) (recognizing that the writ of certiorari is discretionary and that "[t]he district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice"); *State ex rel. Haft v. Adams*, 238 So. 2d 843, 844 (Fla. 1970) ("[M]andamus is a discretionary writ that is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles.").

Defendant did not request an adversary preliminary hearing prior to posting bond, prior to the new charges being filed, or prior to the capias on the new charge being served. In fact, he waited more than four years from his initial arrest and three and a half years after the capias was served on the new charge to make his request.

Defendant's remedy should probable cause not be established for the interference with custody count at an adversary preliminary hearing would be release on his own recognizance. Fla. R. Crim. 3.133(b)(5). However, as it currently stands, he will not be entitled to release from custody because, as explained above, he is properly held without bond on the lewd and lascivious battery charge. Thus, there are no compelling circumstances, at this time, that would warrant this Court exercising its discretionary writ jurisdiction to grant relief as to the interference with custody count.

Accordingly, I respectfully dissent and stand by our original decision to deny the petitions without prejudice to defendant requesting an adversary preliminary hearing on the interference with custody count should he be discharged or granted pretrial release on the lewd and lascivious battery charge.

*       *       *

7