904 So.2d 572 (2005)
Adan JUAREZ, Jr., Petitioner,
v.
Ric L. BRADSHAW, Palm Beach County Sheriff, Respondent.
No. 4D05-2170.
District Court of Appeal of Florida, Fourth District.
June 9, 2005.
Carey Haughwout, Public Defender, Daniel Cohen and Daniel Marshall, Assistant Public Defenders, West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Adan Juarez petitions this court for a writ of habeas corpus to quash a no-bond capias warrant that was issued for failure to appear at arraignment.
Juarez was arrested for possession of cocaine and a misdemeanor. At first appearances he was released on supervised own recognizance (O.R.). Because the state failed to file formal charges within 30 days, pursuant to an administrative order from the Fifteenth Judicial Circuit, the case was treated as a "no file" and Juarez was released from supervised O.R. The state subsequently filed formal charges and sent a notice of arraignment to petitioner's last known address.
When Juarez did not appear for arraignment, the trial court issued a no-bond bench warrant. Defense counsel pointed out that the local administrative order addresses this situation. The administrative order provides that in the event the state files charges on a case that was "no filed," the clerk shall send a notice of arraignment to the defendant's last known address. If the defendant fails to appear at arraignment, the court "may issue a capias for failure to appear, which shall provide for an O.R. release." Administrative Order No. 4.001-6/01 (IV)(c).
The trial court withdrew the warrant and issued another notice of arraignment at Juarez's last known address. When he again failed to appear, the court issued another no-bond capias over defense counsel's objection.
Petitioner's counsel argues that pursuant to the local administrative order, the capias should be issued with O.R. release. We agree. The administrative order does not give the trial court discretion to order *573 a no-bond capias in this situation. Because petitioner is not in custody, we treat this as a petition for writ of mandamus and grant the petition. The trial court shall withdraw the current no-bond warrant. If the court issues a new capias, pursuant to the local administrative order, it must be with O.R. release.
POLEN, SHAHOOD, and HAZOURI, JJ., concur.