910 So.2d 352 (2005)
Jose Antonio COLON, Petitioner,
v.
Ric L. BRADSHAW, Palm Beach County Sheriff, Respondent.
No. 4D05-2676.
District Court of Appeal of Florida, Fourth District.
September 14, 2005.
*353 Carey Haughwout, Public Defender, and Daniel Cohen and Daniel Vogel, Assistant Public Defenders, West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
The defendant petitioned this court for a writ of habeas corpus. We granted the petition on July 26, 2005 and ordered the defendant's release on his own recognizance in case number 05-3354 CFA02. This opinion follows.
On March 10, 2005, the defendant was arrested and charged with burglary of a dwelling and grand theft. One month later, the State issued a "no file" in the case. The defendant was released on his own recognizance in this case, but remained incarcerated on other charges. On April 21, 2005, the State filed charges and an arraignment date was set.
Despite being incarcerated, the defendant was not brought to court for the scheduled arraignment, and he did not receive notice of the hearing from the clerk. The trial court issued a no-bond capias when he failed to appear. The defendant was served with the capias on May 19, 2005. The defendant filed a motion for clarification of his bond, which the court denied. He continued to be held without bond. The court denied his motion for rehearing.
On July 8, 2005, the defendant filed this petition for writ of habeas corpus. He argued that because the State "no filed" this case, and thirty days lapsed since his arrest, the Fifteenth Judicial Circuit's Administrative Order 4.001-6/01IV.C(2), required the trial court to release him on his own recognizance when he failed to appear at the May 12th arraignment. We agree.
In Juarez v. Bradshaw, 904 So.2d 572 (Fla. 4th DCA 2005), and Thomas v. Bradshaw, 905 So.2d 251 (Fla. 4th DCA 2005), this court recognized the mandatory nature of the capias process to be applied under these circumstances and the existing administrative order. Pursuant to the administrative order,
in the event the state files charges on a case that was "no filed," the clerk shall send a notice of arraignment to the defendant's last known address. If the defendant fails to appear at arraignment, the court "may issue a capias for failure to appear, which shall provide for an O.R. release." Administrative Order No. 4.001-6/01IV.C(2).
Juarez, 904 So.2d at 572 (emphasis added).
"The administrative order does not give the trial court discretion to order a no-bond capias in this situation." Id. at 572-73; see also Thomas, 905 So.2d 251. The trial court erred in issuing a "no bond" capias upon the defendant's failure to appear in this case.
The petition for writ of habeas corpus is granted.
POLEN, KLEIN and MAY, JJ., concur.