TAYLOR, J.
In this petition for writ of habeas corpus, the defendant, Jose Thomas Obando, seeks relief from his pre-trial detention on a no-bond capias for failure to appear at arraignment after his criminal charges were “no-filed” and later re-filed. He argues that the trial court’s refusal to quash the no-bond capias violated the circuit court’s local administrative order, as well as recent decisions of our court. We deny the petition.
The defendant was arrested on February 26, 2005, for (I) aggravated battery with a firearm and (II) shooting into a public building and released on $5000 bond on March 3, 2005.. His arraignment was set for April 8, 2005, but it was struck from the calendar when the state failed to file charges within thirty days. For the same reason, his bond was discharged. On April 19, 2005, the state filed an information against him, based on the same facts and circumstances alleged in the earlier arrest, but increased the charges to (I) attempted first degree murder with a firearm[1] and (II) shooting into an occupied vehicle. Arraignment was scheduled for May 6, 2005. The defendant did not appear for arraignment and the trial court issued a no-bond capias. When the defendant was arrested on July 3, 2005, his bond was set at “none.”
, Defendant moved for release on his own recognizance (O.R.), arguing that Administrative Order No. 4.001-6/01(IV)(C)(2) required that the capias issued for his failure to appear at arraignment provide for an O.R. release. The pertinent provision of the administrative order states:
In the event the State Attorney subsequently files formal charges relating to an arrest deemed a “No File” as de-* scribed herein, the Clerk shall mail a Notice of Arraignment to the Defendant at the Defendant’s last known address, setting the arraignment for the first Friday more than 30- days hence. ■ In the event the Defendant fails to appear at said arraignment, the Court may issue a capias for failure to appear, which shall provide for an O.R. release.
(Emphasis added).
After a hearing, the trial court declined to follow this provision and denied the motion. The defendant then filed this petition for habeas corpus relief.
*200 The respondent, Sheriff of Palm Beach County, acknowledges in his response to our order to show cause that we have previously held that the administrative order in question requires an O.R. release on the capias issued on a failure to appear at arraignment on charges filed after a “no file.” See Colon v. Bradshaw, 910 So.2d 352 (Fla. 4th DCA 2005) (granting habeas petition and ordering defendant’s release on his own recognizance); Thomas v. Bradshaw, 905 So.2d 251 (Fla. 4th DCA 2005) (granting habeas petition and ordering defendant’s immediate release, finding petition controlled by Juarez ); Juarez v. Bradshaw, 904 So.2d 572 (Fla. 4th DCA 2005) (treating habeas petition as mandamus petition because defendant was not in custody and granting petition, ordering trial court to withdraw the no-bond capias, issued when defendant did not appear for arraignment after state failed to file charges within thirty days of arrest and then filed formal charges). Thus, based on our previous rulings,- the trial court erred in issuing a “no bond” capias instead of an O.R. release.
However, the respondent urges ’us to recede from the above decisions and uphold the trial court’s denial of an O.R. release. He argues that the administrative provision mandating an O.R. release is void because it conflicts with Florida Rule of Criminal Procedure 3.131(j). Rule 3.131(j) provides as follows:
(j) Issuance of Capias; Bail Specified. On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately or when so directed by the prosecuting attorney, a capias for the arrest of the person. If the person named in the indictment or information is a child and the child has been served with a promise to appear under the Florida Rules of Juvenile Procedure, capias need not be issued. Upon the filing of the indictment or information, the judge shall endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant’s first appearance hearing. This endorsement shall be made on the capias and signed by the judge.
(emphasis added).
When an administrative order conflicts with a rule promulgated by the supreme court, it is null and void. “[CJourts of this state are not empowered to develop local rules which contravene those promulgated by the Supreme Court. Nor may courts devise practices which skirt the requirements of duly promulgated rules.” Payret v. Adams, 471 So.2d 218, 220 (Fla. 4th DCA 1985) (quoting Berkheimer v. Berkheimer, 466 So.2d 1219, 1221 (Fla. 4th DCA 1985)).
In Payret, the defendant sought habeas corpus relief pursuant to a local administrative order providing for release of a prisoner on his own recognizance if formal charges were not filed by the twenty-first day. In contrast, Florida Rule of Criminal Procedure 3.133 merely provided a right to an adversary preliminary hearing, and required that bond reductions be made on a case-by-ease basis upon legally relevant factors. We denied the habeas corpus petition upon determining that the administrative order was inconsistent with Rule 3.133 and therefore null and void. Though we recognized the chief circuit judge’s authority to develop a safeguard to prevent prisoners from being “lost” in the system, we stressed Rule 3.131’s requirement that bond decisions be made on a case-by-case basis, with full consideration of legally relevant factors. Id. at 220.
The administrative order at issue here appears to conflict with Rule 3.131(j). As respondent points out, this rule requires *201 the judge to issue a capias for the arrest of a person not in custody or at large on bail when an indictment or information is filed. The administrative order, on the other hand, does not provide for the issuance of a capias and a defendant’s re-arrest upon the filing of an information subsequent to a “no filed” information. Instead, it requires the clerk to merely mail the defendant a notice of arraignment at his last known address. A capias is issued only if the defendant fails to appear for the noticed arraignment. Then, an O.R. release is mandated on the capias for failure to appear, without regard to the factors set forth in Rule 3.131. Such factors include the nature and circumstances of the offense charged and the penalty provided by law: the weight of the evidence against the defendant; the defendant’s family ties, length of residence in the community, employment history, financial resources, and mental condition; the defendant’s past criminal convictions, and record of appearing or failing to appear at court proceedings. See § 903.046, Fla. Stat. (2005); Fla. R.Crim.P. 3.131(b)(3); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980).
Because we conclude that section (IV)(C)(2) of Administrative Order No. 4.001-6/01 conflicts with Rule 3.131(j), as discussed above, we declare this administrative provision to be null and void. In doing so, we recede from Colon, Thomas, and Juarez.
For the reasons stated above, we deny the defendant’s emergency petition for writ of habeas corpus.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, FARMER, KLEIN, SHAHOOD, GROSS, HAZOURI, and MAY, JJ., concur.

. This offense is a life felony. See §§ 782.04(l)(a), 777.04(4)(b), 775.087(l)(a), Fla. Stat. (2004); see also Goutier v. State, 692 So.2d 978 (Fla. 2d DCA 1997) (requiring reduction of degree of offense for attempt to be accomplished prior to the enhancement for use of firearm).