PER CURIAM.
 

 In this paternity case, the father appeals two final judgments establishing shared parental responsibility, time-sharing, child support and back child support. Although he raises a number of issues, we need only address two. First, the father argues, and the mother correctly concedes, that reversal and remand for a new hearing are required because the father timely objected to the trial court’s referral of the case to a magistrate.
 
 [1]
 
 Second, we hold that the trial court properly denied the father’s motion for recusal (disqualification) as legally insufficient. The motion was legally insufficient because it alleged improprieties that occurred at a hearing almost two months before the motion was filed, well beyond the ten-day time limit for such motions required by Florida Rule of Judicial Administration 2.330(e).
 

 Accordingly, we reverse and remand for a new hearing before the trial court.
 

 REVERSED AND REMANDED.
 

 SAWAYA, LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 . The father filed his objection eleven days after the order of referral was mailed to him from the court. The magistrate (and ultimately, the trial court) concluded that the objection was untimely based upon the ten-day deadline for objection found in Florida Family Law Rule of Procedure 12.490(b). This conclusion was erroneous because the referral order was served on the father by mail. Consequently, five days should have been added to the ten-day time limit to respond.
 
 See
 
 Fla. R. Civ. P. 1.090(e);
 
 Calderon v. Calderon,
 
 26 So.3d 688 (Fla. 5th DCA 2010) (reversing final dissolution judgment because husband’s objections to magistrate’s report were timely under mailbox rule);
 
 Christ v. Christ,
 
 939 So.2d 256 (Fla. 1st DCA 2006) (reversing order denying modification of visitation based on timely objection to magistrate referral).