EISNAUGLE, J.
Appellant, Darin Skelly, appeals a temporary child support order, arguing inter alia , that his due process rights were violated when the trial court referred Appellee's, Angelle Skelly, supplemental petition for modification of child support to a magistrate over his written objection. We agree and reverse.
Appellant's Written Objection to the Referral to a General Magistrate
After the trial court referred Appellee's motion to the general magistrate, Appellant timely filed a written objection pursuant to Florida Family Law Rule of Procedure 12.490, and requested that the trial court hear the petition. Despite his objection, the matter proceeded to a hearing before the general magistrate who made findings and recommended that Appellant's child support obligation be extended for one year.
Appellant filed exceptions, one of which was that he had properly objected to a hearing before the magistrate. The trial court rejected Appellant's exceptions, however, and entered an order on the magistrate's report, adopting the substance of the magistrate's recommendations. This appeal follows.
Appellant's Right to a Hearing before a Circuit Judge Pursuant to Rule 12.490
Due process requires an evidentiary hearing on a contested petition for modification of child support. Frazier v. Frazier , 616 So.2d 575, 580 (Fla. 2d DCA 1993). We recognize the important role a general magistrate plays in this process when a family law matter is properly referred and both parties consent. However, rule 12.490 governs the procedure for referrals to a magistrate and requires, in pertinent part:
(b) Reference.
(1) No matter shall be heard by a general magistrate without an appropriate order of reference and the consent to the referral of all parties . Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without *152 good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.
(A) A written objection to the referral to a general magistrate must be filed within 10 days of the service of the order of referral.
....
(D) Failure to file a written objection within the applicable time period is deemed to be consent to the order of referral.
Fla. Fam. L. R. P. 12.490(b)(1) (emphasis added). As such, we are required to reverse an order where a party's proper objection to the referral to a magistrate is ignored. See, e.g. , Teague v. Girtman , 67 So.3d 284 (Fla. 5th DCA 2011).
Here, even though Appellant's written objection fully complied with rule 12.490, the evidentiary hearing was nevertheless held before the magistrate rather than a circuit judge. This was error.
Additional Requirements on Rule 12.490 Imposed by Administrative Order
Appellee seems to concede that Appellant's written objection complied with rule 12.490. Notwithstanding, Appellee argues that the objection was deficient because it did not comply with Eighteenth Judicial Circuit Administrative Order No. 17-08-S, which requires that a written objection also state the date, time, and place of mediation as well as identify the mediator. See In re: Mediation - Family Law Mediation Program , Admin. Order No. 17-08-S (Fla. 18th Cir. Ct. Jan. 9, 2017). We disagree.
An administrative order is "[a] directive necessary to administer properly the court's affairs but not inconsistent with the constitution or with court rules and administrative orders entered by the supreme court." Fla. R. Jud. Admin. 2.120(c). "When an administrative order conflicts with a rule promulgated by the supreme court, it is null and void." Obando v. Bradshaw , 920 So.2d 198, 200 (Fla. 4th DCA 2006).
We conclude that Administrative Order No. 17-08-S is null and void, at least as it relates to a party's written objection to a hearing before the magistrate, because it goes beyond merely supplying a "directive necessary to administer properly the court's affairs." Rather, the administrative order is inconsistent with rule 12.490 because it imposes the additional burden of scheduling mediation, which generally requires a cooperative and responsive opposing party, all within ten days of the referral. While this feat will be possible in some cases, it will not always be so-especially where an opposing party prefers a hearing before the magistrate and attempts to intentionally "run out the clock."
We therefore reverse the trial court's order entered on the magistrate's report and remand for a de novo hearing before the trial judge.
REVERSED and REMANDED with instructions.
LAMBERT and GROSSHANS, JJ., concur.