# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0350
Lower Tribunal No. F23-4937A
_____


**Steve Gallon, IV,**
Petitioner,

vs.

**Sherea Green, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Law Office of Roderick D. Vereen, Esq., P.A., and Roderick D. Vereen, for petitioner.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for respondent The State of Florida.


Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

In this petition for writ of habeas corpus, Steve Gallon IV ("Petitioner") challenges the trial court's denial of his motion for pretrial bond following an Arthur[1] hearing. The State charged Petitioner and Atiba Moore by Information, as principals, with one count of attempted first-degree premeditated murder of a law enforcement officer with a firearm, a crime punishable by life imprisonment. The trial court denied Petitioner bond, finding that the State had met its burden of showing that proof of Petitioner's guilt was evident or the presumption of guilt great. See Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131; Arthur, 390 So. 2d at 720.

Petitioner's principal assertion is that, because the trial court subsequently granted bond to Moore based on the same evidence introduced at Petitioner's Arthur hearing, Petitioner, too, is entitled to bond. We deny the petition because the specific facts of the case inform the trial court's discretionary decision as to whether, following an Arthur hearing, to grant or deny bond. See Hernandez v. Junior, 337 So. 3d 135, 137 (Fla. 3d DCA 2021); Obando v. Bradshaw, 920 So. 2d 198, 200 (Fla. 4th DCA 2006) (recognizing that rule 3.131 requires "that bond decisions be made on a case-by-case basis, with full consideration of legally relevant factors"); see also Roberson v. Junior, 338 So. 3d 341, 346 (Fla. 3d DCA 2022)

---

[1] State v. Arthur, 390 So. 2d 717 (Fla. 1980).

2

(concluding that the trial court did not abuse its discretion in denying pretrial bond to the petitioner following an Arthur hearing, observing that "[w]hen reviewing the sufficiency of evidence presented to a trier of fact, our task is not to . . . reweigh the evidence" (quoting Hernandez v. State, 56 So. 3d 752, 758 (Fla. 2010))).

At the Arthur hearing conducted below, the trial court considered the testimony of witnesses, affidavits, surveillance videos and other evidence. The victim police detective testified that, on the day of the incident, he was conducting an undercover narcotics investigation and surveilling Moore; therefore, the detective was wearing plain clothes – without his badge displayed – and driving an unmarked rental vehicle, a Toyota Camry. At some point, Moore, who was driving a Nissan Maxima, realized that he was being followed by the Camry and a chase ensued through a residential neighborhood.

The detective testified that the vehicles circled the same block three times and, on the third time, the detective accidentally crashed the Camry into the back of Moore's Maxima. The detective testified that the collision occurred when someone jumped in front of the Camry, and, in order to avoid hitting the individual, the detective swerved and collided into the Maxima. At that point, the detective placed his badge around his neck, exited the

3

Camry, and verbally identified himself as the "police" to Moore, who by then had exited the Maxima. *After* the detective verbally identified himself as a police officer, the detective was shot in the back of the head by a firearm. The detective testified that Moore was not the shooter.

Cellphone records reflected a call between Moore's cellphone and Petitioner's cellphone two minutes before the shooting and that Petitioner's cellphone was located at the scene at the time of the shooting. Video evidence showed Petitioner hiding in close proximity to the incident scene, with a gun, at or about the time of the shooting.

Plainly, in making its decision as to whether to grant Petitioner bond, the trial court considered evidence not applicable to Moore. On this record, we are unable to conclude that the trial court abused its discretion in denying bond to Petitioner.[2]

---

[2] Even if there was insufficient proof to establish Petitioner knew the victim was a law enforcement officer, the trial court had a sufficient basis to deny bond to Petitioner on the charge of attempted first-degree premeditated murder – a lesser included offense of attempted first-degree premeditated murder of a law enforcement officer. See Fla. Std. Jur. Instr. (Crim.) 7.13. Although attempted first-degree premeditated murder is classified as a first-degree felony, see § 777.04(4)(b), Fla. Stat. (2023) ("If the offense attempted, solicited, or conspired to is a capital felony, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a felony of the first degree. . . ."), the indictment alleges Petitioner used a firearm in the commission of the offense, which if proven would result in a reclassification of attempted first-degree premeditated murder from a first-degree felony to a life felony. See § 775.087(1)(a), Fla. Stat. (2023) ("Unless otherwise

4

Petition denied.

provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, . . . the felony for which the person is charged shall be reclassified as follows: (a) In the case of a felony of the first degree, to a life felony.").