418 So.2d 273 (1982)
Rodney Edward PIERCE, Petitioner,
v.
Louis T. MIMS, As Sheriff of Polk County, Florida, Respondent.
No. 82-877.
District Court of Appeal of Florida, Second District.
June 25, 1982.
Rehearing Denied August 20, 1982.
Jerry Hill, Public Defender, and Alex J. Sabo, II, Asst. Public Defender, Bartow, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for respondent.
RYDER, Judge.
Petitioner requests that a writ of habeas corpus be issued because he is being held unlawfully without probable cause to believe that he has committed any offense. We agree with petitioner's argument and grant the writ of habeas corpus.
Petitioner, incarcerated following arrest for grand theft, was not charged by indictment or information within twenty-one *274 days from the date of his arrest, and he filed a motion for adversary preliminary hearing pursuant to rule 3.131(b),[1] Florida Rules of Criminal Procedure. At the preliminary hearing, the state offered only the testimony of the police officer who investigated the crime. Over objection of petitioner's counsel that the testimony was inadmissible as hearsay, the officer testified concerning statements given by a codefendant. Based on the officer's testimony, probable cause was found and petitioner was bound over to answer to the charge of grand theft.
Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." § 90.801, Fla. Stat. (1981) (emphasis added). The statements of the codefendant to the police officer concerning the grand theft fall within the hearsay definition and are inadmissible unless an exception provides otherwise. § 90.802, Fla. Stat. (1981). We find no applicable exception.[2]
The respondent argues that relaxed evidentiary rules govern preliminary hearings, therefore, hearsay is admissible. This argument ignores rule 3.131(b)(3), which provides that all witnesses are to be examined in the defendant's presence and that the defendant has the right to cross-examine the witnesses.
Because the hearsay testimony was inadmissible and no other evidence was presented, the judge below erred in making a determination of probable cause. The writ of habeas corpus is issued with directions that the defendant be released. Of course, release does not preclude further prosecution by information. Fla.R.Crim.P. 3.131(b)(5).
HOBSON, A.C.J., and BOARDMAN, J., concur.
NOTES
[1] 3.131. Pretrial Probable Cause Determinations and Adversary Preliminary Hearings
(b) Adversary Preliminary Hearing.
(1) When Applicable. A defendant who is not charged in an information or indictment within 21 days from the date of his arrest or service of the capias upon him shall have a right to an adversary preliminary hearing on any felony charge then pending against him. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.
(2) Process. The magistrate shall issue such process as may be necessary to secure attendance of witnesses within the state for the state or the defendant.
(3) Witnesses. All witnesses shall be examined in the presence of the defendant and may be cross-examined. Either party may request that the witnesses be sequestered. At the conclusion of the testimony for the prosecution, the defendant shall, if he so elects, be sworn and testify in his own behalf, and in such cases he shall be warned in advance of testifying that anything he may say can be used against him at a subsequent trial. He may be cross-examined in the same manner as other witnesses, and any witnesses offered by him shall be sworn and examined.
(4) Record. At the request of either party, the entire preliminary hearing, including all testimony, shall be recorded verbatim stenographically or by mechanical means, and at the request of either party shall be transcribed. If the record of the proceedings, or any part thereof, is transcribed at the request of the prosecuting attorney, a copy of this transcript shall be furnished free of cost to defendant or his counsel.
(5) Action on Hearing. If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall cause the defendant to be held to answer to the circuit court; otherwise, the magistrate shall release the defendant from custody unless an information or indictment has been filed, in which event the defendant shall be released on his or her own recognizance subject to the condition that he or she appear at all court proceedings, or shall be released under a summons to appear before the appropriate court at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial.
A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and, together with the evidence received in the cause, shall be filed with the clerk of the circuit court.
[2] The codefendant's statement would fall within the "statement against interest" exception but for the provision that a statement "made by a codefendant ... implicating both himself and the accused, is not within this exception." § 90.804(2)(c), Fla. Stat. (1981).