SHARP, Judge.
Stangherlin petitioned this court for a Writ of Habeas Corpus to secure her release from the custody of the sheriff of Hernando County, where she is being held without bail following her arrest for conspiracy to commit first-degree murder and first-degree murder. Pursuant to Florida Rule of Criminal Procedure 3.131(b), when Stangh-erlin was not charged by information or indictment within 21 days from the date of her arrest, she timely moved for an adversary preliminary hearing to determine probable cause of the charges against her. At the hearing, the state’s case consisted primarily of hearsay[1] and an affidavit of a former co-defendant who had entered into a plea bargain with the State.[2] However, there was some competent evidence to establish a prima facie case against petitioner and, therefore, we deny the writ.
As pointed out in Pierce v. Mims, 418 So.2d 273 (Fla. 2d DCA 1982), Rule 3.131(b)(3) has changed the procedure and proofs in probable cause hearings for adversary preliminary hearings. It provides:
(3) Witnesses. All witnesses shall be examined in the presence of the defendant and may be cross-examined. (Emphasis added.)
It was therefore necessary that the State establish probable cause that a charged offense was committed and that Stangherlin committed it with competent evidence.
Three witnesses testified for the State. The two police officers, Blackman and Phillips, were primarily able to testify only about what others (not present in court and not one of the co-defendants) told them. Blackman introduced a statement by a co-defendant, Colandro, which (had he testified in court) would have been sufficient to constitute probable cause. The officers’ only non-hearsay testimony established that a human being was dead. Blackman testified he located a body and identified it as Roman Stangherlin from dental records.
The third witness, Modzelewski, testified that he helped the two co-defendants, Jackie Stangherlin and Powlowski, take away a body from Powlowski’s shop and he buried it on his property. He testified that both Powlowski and Jackie told him it had been a Mafia killing, and that Roman’s death had been an accident. Jackie set it up, but Roman was only supposed to be injured. This testimony is sufficient to establish probable cause that the petitioner was an accessory or a conspirator to have her husband physically battered, during the course of which he was killed. We think this was a sufficient showing at the adversary hearing[3] pursuant to Rule 3.131(b).
The State argues that a belated indictment and the trial judge’s subsequent denial of bail to the petitioner somehow alter the impact and applicability of the *1156 Rule. We disagree. The Rule is very clear. Failure to promptly indict and failure to establish probable cause at an adversary hearing with competent evidence results in the release, pending trial, of a person charged with a felony. See Pierce v. Mims.
The State also argues that Article I, Section 14 of the Florida Constitution and Rule 3.131(b)(5) conflict with each other, and therefore the Rule should not be applicable to persons charged with a capital offense.[4] But we are not dealing with the right to bail in this situation. If the Rule applies, petitioner is entitled to release without bail. Further, this provision of the Florida Constitution gives individuals rights to bail under various circumstances. It gives the state no corresponding rights to hold individuals without bail. The State may hold a person without bail unless this power is limited by the constitution, or statute, or rule.
For the reasons stated herein, we deny the writ.
ORFINGER, C. J., and COBB, J., concur.

. Some of the testimony was double and triple hearsay: what the witness was told by another person who heard it from someone else.

. Defense counsel timely objected to the affidavit and the hearsay evidence.

. State v. Merritt, 86 Fla. 164, 99 So. 230 (1924).

. [EJvery person charged with a crime ... shall be entitled to release on reasonable bail ... unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.
Art. I, § 14, Fla.Const.