PER CURIAM.
The petitioner seeks a writ of habeas corpus contending that he is being held unlawfully without the state properly establishing probable cause to believe that he has committed an offense. We agree with his argument and grant the writ of habeas corpús.
The petitioner was arrested for two counts of sexual battery. When he had not been charged by indictment or information within twenty-one days from his arrest, he demanded an adversary preliminary hearing as authorized by Florida Rule of Criminal Procedure 3.133(b).
At the hearing, the state did not present the two alleged victims to testify. Instead, the state attempted to proceed in accordance with section 90.803(23), Florida Statutes (1989),[1] and presented two witness who testified about the statements made to them by the two victims. The use of this hearsay testimony was objected to by the petitioner’s counsel. There was no other testimony or evidence presented at the hearing.
Section 90.803(23) provides a procedure by which hearsay statements of a child victim of sexual abuse or of a sexual offense may be admitted in court. The statute contains numerous provisions which must be complied with prior to the admission of the testimony. The only provision applicable to the proceeding below requires that if the child is unavailable as a witness, there must be other corroborative evidence of the abuse or offense. Here, no corroborative evidence was presented.
Since there was no other corroborative testimony presented, the hearsay testimony was insufficient to establish probable cause and the trial judge, therefore, erred in making such a finding. The writ of habeas corpus is issued with directions that the petitioner be released from custody pursuant to Florida Rule of Criminal Procedure 3.133.
SCHOONOVER, C.J., and CAMPBELL and HALL, JJ., concur.

. (23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD.—
(a)Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child’s participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child’s statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.