922 So.2d 318 (2006)
Tony EVANS, Jr., Petitioner,
v.
Tommy SEAGRAVES, Sheriff of Nassau County, Florida, and the State of Florida, Respondents.
No. 1D05-6039.
District Court of Appeal of Florida, First District.
February 22, 2006.
*319 Bill White, Public Defender, and Brian D. Morrissey, Assistant Public Defender, Yulee, for petitioner.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for respondents.
BENTON, J.
By order directing his release "on recognizance subject to the condition that he. . . appear at all court proceedings," we have already granted Tony Evans Jr.'s petition for writ of habeas corpus. See Fla. R.Crim. P. 3.133(b)(5). We issued the writ because the only evidence adduced at his adversary preliminary hearing was a hearsay account which would not have been admissible if offered at trial.
Our decision is the latest in an unbroken line of precedent holding that hearsay testimony (not falling within some exception to the rule excluding hearsay) does not, by itself, meet the state's burden at an adversary preliminary hearing under Florida Rule of Criminal Procedure 3.133(b). See, e.g., Stephenson v. Rice, 574 So.2d 286, 287 (Fla. 2d DCA 1991) ("Since there was no other corroborative testimony presented, the hearsay testimony was insufficient. . . . The writ of habeas corpus is issued with directions that the petitioner be released from custody pursuant to Florida Rule of Criminal Procedure 3.133[b]."). Rule 3.133(b)(3) requires that, in the event of an adversary probable cause hearing, "[a]ll witnesses shall be examined in the presence of the defendant and may be cross-examined."
When the state failed to secure an indictment or file an information against petitioner within twenty-one days of his arrest, he filed a motion for adversary preliminary hearing pursuant to Rule *320 3.133(b).[1] At the hearing, the sole witness called by the state was the arresting officer, who testified that he had interviewed two minors who told him that petitioner had given them illegal drugs. When petitioner objected to the officer's testimony as hearsay, the state asserted that the minors' statements were "admissions against penal interest." The trial court accepted this contention even though there was no showing that the statements fell within this or any other exception to the rule excluding hearsay.[2] After the trial court determined that the state had met its burden, petitioner sought habeas corpus relief here asserting that the hearsay testimony was insufficient.
Relying heavily on Chavez v. State, 832 So.2d 730 (Fla.2002), the respondent argues that hearsay alone is sufficient to establish probable cause in a Rule 3.133(b) adversary preliminary hearing. But the Chavez case is inapposite, not least because Chavez involved Rule 3.133(a), not Rule 3.133(b). Chavez argued that delay in bringing him before a judicial officer violated Rule 3.133(a), because he was not afforded a nonadversary probable cause determination within forty-eight hours of his arrest, and that his confession should therefore have been suppressed. The Florida Supreme Court ruled only that suppression of a confession was not an appropriate remedy for the failure to make a nonadversary probable cause determination within forty-eight hours of the defendant's arrest. See Chavez, 832 So.2d at 751-756.
In the present case, the defense sought to suppress no evidence, nor was the legality of an arrest at issue at the Rule 3.133(b) hearing. The broad array of Fourth Amendment cases cited by the dissenting opinion have almost all to do with whether arrests, searches or seizures were lawful. The trial court had to decide a different question in the present case: whether a presumptively innocent defendant *321 should continue to be held in jail before trial even though no charges had been filed against him in a timely fashion. Because charges were not filed within the time prescribed by rule and because the state relied on nothing other than inadmissible hearsay at the adversary preliminary hearing, the trial judge erred in finding probable cause justifying continued pretrial incarceration. See Fla. R.Crim. P. 3.133(b).
The court so ruled in Pierce v. Mims, 418 So.2d 273 (Fla. 2d DCA 1982), in granting a petition for writ of habeas corpus because the state adduced at the adversary preliminary hearing only hearsay testimony that would be inadmissible at trial. There, as here, the state had not filed an information or secured an indictment within twenty-one days of an arrest, giving rise to the right to an adversary probable cause hearing. An investigating police officer testified at the adversary preliminary hearing in Pierce recounting, over objection, what a co-defendant had told him. The Second District held that, because such hearsay testimony would be inadmissible at trial and because no other evidence was presented, the trial judge erred in finding probable cause under Rule 3.133(b) that would justify pretrial detention. Id. at 274. No Florida court has gone the other way on this question in the nearly quarter of a century since Pierce was decided.[3]
Hearsay may well be an important part of the "totality of the circumstances" giving law enforcement officers probable cause for an arrest in a given case. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Hearsay may, indeed, suffice in proceedings under Rule 3.133(a), which provides for a nonadversary probable cause determination within forty-eight hours of the defendant's arrest, where the arrest was not made pursuant to an arrest warrant. Rule 3.133(a)(3) specifically sets forth the standard of proof for these nonadversary probable cause determinations, and explicitly provides that  in determining probable cause justifying an arrest after the fact  the judge shall apply the standard for issuance of an arrest warrant. Findings under Rule 3.133(a) may be based on ex parte sworn complaints, other affidavits, or depositions under oath, and need not (but may also be) based on competent evidence.
In contrast, Rule 3.133(b) provides for an adversary preliminary hearing when the state fails to charge a defendant by information or indictment within twenty-one days of the arrest. Unlike Rule 3.133(a), Rule 3.133(b) does not permit the state to rely wholly on a complaint (even if *322 sworn), on another affidavit or on any other evidence inadmissible at trial. Rule 3.133(b)(3) provides instead that all witnesses shall be examined in the presence of the defendant and may be cross-examined. Rule 3.133(b)(5) provides that the judge shall cause the defendant to be held to answer to the circuit court, only if it appears to the judge "from the evidence" that there is probable cause to believe that the defendant has committed the offense.
It is within the state attorney's office's power to avoid a Rule 3.133(b) hearing in every case merely by timely securing an indictment or filing an information within twenty-one days. One important purpose the rule serves is providing an incentive to keep cases moving forward on track to an orderly and expeditious disposition. This incentive fades almost to the point of disappearing if the state can meet its burden at a Rule 3.133(b) hearing simply by having an investigator in the state attorney's office read hearsay from the file. Leapfrogging over the rule to grapple with constitutional questions the present case does not require us to decide, the dissenting opinion does not address this purpose of the rule.
Florida Rule of Criminal Procedure 3.133(b) should be construed in context in order to give its purposes effect. In a given case, the same arrestee may be entitled first to a nonadversary Rule 3.133(a) probable cause hearing to test the legality of his arrest, then  if the state prevails at the Rule 3.133(a) hearing, but fails to secure an indictment or file a criminal information within twenty-one days  to an adversary Rule 3.133(b) probable cause hearing. If an information or indictment is filed after a Rule 3.133(b) hearing is duly requested, the defendant is not to be discharged outright, but must be released on recognizance subject to the condition that he or she appear at all court proceedings (or be released under summons to appear before the appropriate court at a time certain). The only remedy available to a habeas corpus petitioner under Rule 3.133(b), once an information or indictment has been (belatedly) filed, is the accused's release on recognizance. See Dumlar v. State, 808 So.2d 272, 273 (Fla. 1st DCA 2002).
For these reasons, we have granted the petition for writ of habeas corpus with instructions that petitioner be released on his own recognizance.
KAHN, C.J., concurs.
THOMAS, J., dissents with opinion.
THOMAS, J., Dissenting.
I respectfully dissent. In my view, this court should not have granted the writ of habeas corpus. I find no persuasive precedent or any provision in Florida Rule of Criminal Procedure 3.133(b) to support granting Petitioner's release. The fact that rule 3.133(b) allows for an adversary hearing does not and cannot change the definition of probable cause as established by controlling Florida Supreme Court decisions. The rule does not support the majority's claim that "[u]nlike rule 3.133(a), rule 3.133(b) does not permit the state to rely wholly on a complaint (even if sworn) ...." (emphasis added). There is no express provision in rule 3.133(b) which imposes this restriction.
The Florida Supreme Court has never held that probable cause requires more than reliable hearsay. In my view, this court should hold that the State can establish probable cause in a hearing conducted under rule 3.133(b) by hearsay evidence which meets the applicable criteria of reliability, as permitted under rule 3.133(a).
The majority follows Pierce v. Mims, 418 So.2d 273 (Fla. 2d DCA 1982). However, Pierce does not contain any rationale or specific textual authority to support the *323 majority's conclusion that rule 3.133(b) changes the substantive definition of probable cause. As noted by the majority, the definition of probable cause in rule 3.133 specifically allows a finding of probable cause based on hearsay. While it is true that subsection (b) does not contain any definition of probable cause, it is equally true that the Florida Supreme Court, in adopting the rule, did not change the definition of probable cause provided in subsection (a) or as established by case law.
The only Florida Supreme Court decisions relevant to our consideration recognize the opposite principle of the majority's conclusion: that probable cause can be found on the basis of hearsay and can support pretrial detention. Parker v. State, 843 So.2d 871, 880 (Fla.2003) (explaining that probable cause is the appropriate standard to apply to revocation of pretrial release based on a new arrest). Probable cause "traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony." Id. (citing Gerstein v. Pugh, 420 U.S. 103, 120-22, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)) (emphasis added); Chavez v. State, 832 So.2d 730 (Fla.2002); Johnson v. State, 660 So.2d 648, 654 (Fla.1995) (holding that probable cause can be established on the basis of unverified "hearsay, fleeting observations, or by tips received by unnamed reliable informants"). I believe we should decline to follow the decisions of the Second and Fifth Districts because the above supreme court decisions are more applicable to our decision here. The supreme court decisions allow a trial court to find probable cause based on the same type of evidence that was considered below.

The Evidence Presented Below Established Probable Cause
The evidence below demonstrated probable cause to believe that Petitioner provided drugs to two minor girls whose statements were introduced through the investigating detective. The detective spoke directly with the two girls, more than once, and observed the 13-year old girl when she was "fairly comatose" in the hospital. The detective testified that one of the girls explained to him that Petitioner had "badgered" her to take controlled substances. On cross-examination, the detective testified that the girls were under the influence of "some substance" during his first interview. In addition, the detective testified that the girls feared retaliation by Petitioner. The girls were also identified by name in court. The fact that the trial court erroneously identified this evidence as an exception to the hearsay rule is irrelevant, as the trial court's ultimate conclusion was correct and should be affirmed. See Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002).
The evidence admitted below also met the standard of probable cause as enunciated by the Florida Supreme Court in Johnson v. State, 660 So.2d 648, 654 (Fla. 1995), when describing the test as applicable to affidavits:
As to hearsay, officers obviously are vouching for nothing more than the fact that the hearsay was told [to] them and they have no reason to doubt its truthfulness. It then is within the discretion of the magistrate to determine the weight accorded the hearsay. To this end, the magistrate may question the officer about any matter that might reflect upon the truthfulness or accuracy of the hearsay, but there obviously will be cases in which unverifiable hearsay alone will establish probable cause.
Id. at 654 (emphasis added).
Petitioner's counsel never attempted to undermine the alleged victims' reports, *324 and there is no evidence that contradicts the detective's testimony that Petitioner gave controlled substances to the minor girls. Rather, Petitioner's counsel chose to challenge the State's evidence as hearsay and as insufficient to establish probable cause under Pierce. While that may have been an understandable strategy, the fact remains that Petitioner did not attempt to present evidence or utilize cross-examination to undermine the substance of the detective's testimony that Petitioner had provided controlled substances to minors.

Rule 3.133 (b) Does Not Alter Substantive Definition of Probable Cause
The Florida Supreme Court's decisions describing probable cause are consistent with the interpretation of the similar federal rule on preliminary hearings. Federal Rule of Criminal Procedure 5.1(e) states:
Hearing and Finding. At the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence but may not object to evidence on the ground that it was unlawfully acquired. If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings.

(emphasis added). At the federal level, a finding of probable cause can be based solely or partly on hearsay evidence. See U.S. v. Adeyeye, 359 F.3d 457, 460-61 (7th Cir.2004); U.S. v. Reyna-Tapia, 328 F.3d 1114, 1120 n. 5 (9th Cir.2003); U.S. v. Kin-Hong, 110 F.3d 103, 120 (1st Cir.1997). Because the Florida rule contains similar language, I believe the Florida rule should be similarly interpreted.
The majority holds that rule 3.133(b) imposes a higher burden of proof on the State to show probable cause, because the rule empowers a defendant to cross-examine witnesses and to produce witnesses. In my view, the majority's rationale is not persuasive. I believe the rule simply enhances the reliability of the probable cause determination by authorizing additional adversarial procedures. In other states, for example, rules specifically authorize a finding of probable cause based solely on hearsay, while simultaneously allowing a defendant to examine witnesses. White v. Com., 132 S.W.3d 877, 882-883 (Ky.App. 2003); Ky. R. of Crim. P. 3.14(2); Almada v. State, 994 P.2d 299, 303 (Wyo.1999); Wyo. R. of Crim. P. 5.1(b); In the Interest of C.R.M., 552 N.W.2d 324, 327 (N.D.1996); N.D. R. of Crim. P. 5.1. The Florida rule enhances the probable cause determination by authorizing both parties to examine witnesses and submit evidence. The rule does not alter the substantive definition of probable cause.
There is no specific language in rule 3.133(b) that changes the definition of probable cause. A finding of probable cause can be based on hearsay or other types of inadmissible evidence. In Illinois v. Gates, the United States Supreme Court stated that probable cause is "a fluid concept  turning on the assessment of probabilities in particular factual contexts  not readily, or even usefully, reduced to a neat set of legal rules." 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As the Georgia Supreme Court recently noted:
It has long been recognized that hearsay is admissible in determining the existence of probable cause. Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), overruled on other grounds, United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Strauss v. Stynchcombe, 224 Ga. 859, 165 S.E.2d 302, 306 (1968). Admission of hearsay for that *325 purpose does not violate the constitutional right of a defendant to confront the accusing witnesses, because guilt or innocence is not the issue for determination. "There is ... a great `difference between what is required to prove guilt in a criminal case and what is required to show probable cause for arrest or search.' [Cit.]" Stynchcombe, 165 S.E.2d at 306. "[A] finding of `probable cause' may rest upon evidence which is not legally competent in a criminal trial. [Cit.]" United States v. Ventresca, 380 U.S. 102, 107, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
Banks v. State, 277 Ga. 543, 592 S.E.2d 668, 670 (2004).
Essentially, the majority creates two definitions of "probable cause," one definition for arrest and for rule 3.133(a) determinations, and one definition for rule 3.133(b) determinations. Multiple definitions for the same legal standard of proof to show probable cause create confusion. See State v. Clark, 20 P.3d 300, 305-306 (Utah 2001). I would hold that reliable hearsay may form the basis for probable cause under rule 3.133(b), as it clearly may under rule 3.133(a).
The Second District, which rendered the decision in Pierce, recently recognized that probable cause to search can be established by hearsay where "there is a substantial basis for crediting the hearsay. . . ." State v. Gonzalez, 884 So.2d 330, 333 (Fla. 2d DCA 2004) (citing Gates, 462 U.S. at 241-42, 103 S.Ct. 2317). In another context, that same court recognized that probable cause can be based solely on hearsay evidence. See City of St. Petersburg v. Austrino, 898 So.2d 955, 960 (Fla. 2d DCA 2005) (explaining that "an identification or a report from a single credible victim or eyewitness," even when it is provided by a hearsay declarant, can provide the basis for probable cause) (emphasis added) (citations omitted). Here, that is exactly what was presented to the trial court: an identification and a report from the alleged victim to the detective.
The State properly cites Chavez v. State, 832 So.2d 730, 752 (Fla.2002), in support of its argument that rule 3.133(b) does not increase the proof necessary to establish probable cause. The majority attempts to distinguish Chavez, because that decision addressed the 48-hour non-adversarial probable cause hearing. In Chavez, the supreme court held that probable cause existed to hold the accused on criminal charges when the State's evidence consisted entirely of an officer's hearsay testimony. Id. at 751-52. The court reasoned that hearsay testimony may be used in a preliminary probable cause hearing because the sole issue decided in a probable cause hearing is whether enough evidence exists to detain the accused, pending further proceedings. Id. at 752. The court explained that credibility determinations are not as important at the probable cause stage, therefore, hearsay may be considered by the judge. Id. In addition, the court explained that the consequences of the proceeding justify an informal procedure that permits the judge to consider and base his determination, if he wishes, on hearsay. Id. I believe we should apply the holding in Chavez to an adversarial hearing under rule 3.133(b) as well as rule 3.133(a).
Both rule 3.133 hearings are probable cause hearings which must determine if there is enough evidence for a petitioner's continued detention. While rule 3.133(b) provides Petitioner with the opportunity to confront and cross-examine the State's witnesses, to present his own witnesses, and to testify at the hearing, the rule does not explicitly alter the probable cause standard. The rule simply provides Petitioner *326 with an enhanced process to better test the reliability of the State's evidence.
Under rule 3.133(b), the judge shall cause the defendant to answer for the charges if he determines from the evidence presented that probable cause exists to believe that an offense has been committed and that the defendant committed the offense. Rule 3.133(a) provides that in determining probable cause to detain a defendant, a judge shall use the same standard used in determining probable cause to issue an arrest warrant. Probable cause to issue an arrest warrant exists if the affidavit establishes there is probable cause to believe that the defendant committed a crime. Parker, 843 So.2d at 880. In determining if probable cause exists to issue an arrest warrant, hearsay, even double or triple-hearsay, may be considered. Id. In Parker, the Florida Supreme Court noted that probable cause determinations seldom require credibility determinations, but "[t]his is not to say that confrontation and cross-examination might not enhance the reliability of probable cause determinations in some cases." Id. (emphasis added). I submit that is the exact purpose of the rule 3.133(b) procedure.
In my view, this court should interpret the provisions of Florida Rule of Criminal Procedure 3.133(b) to allow a trial court to find probable cause based on reliable hearsay or other evidence in an adversarial hearing. I find no reason to interpret the rule otherwise. I respectfully dissent.
NOTES
[1] By the time the adversary preliminary hearing was held, an information had been filed, but the filing of the information did not eliminate petitioner's entitlement to the adversary preliminary hearing or preclude relief altogether. See Fla. R.Crim. P. 3.133(b)(1).
[2] The trial court ruled not that the state could carry its burden at an adversary hearing under Rule 3.131(b) with objectionable hearsay, but that the hearsay was exempt from exclusion. Rejecting the more expansive approach originally adopted by our supreme court in Baker v. State, 336 So.2d 364 (Fla.1976), the Evidence Code, section 90.804(2)(c), Florida Statutes (2005), as subsequently itself adopted by court rule, excepts declarations against penal interest from the rule excluding hearsay only when the declarant is unavailable to testify and when corroborating circumstances show the trustworthiness of the statement. A declaration against interest is:

A statement which, at the time of its making, was so far contrary to the declarant's pecuniary or proprietary interest or tended to subject the declarant to liability or to render invalid a claim by the declarant against another, so that a person in the declarant's position would not have made the statement unless he or she believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement.
§ 90.804(2)(c), Fla. Stat. (2005). This exception applies only when the declarant is unavailable as a witness. See § 90.804(2), Fla. Stat. (2005); Curtis v. State, 876 So.2d 13, 18-19 (Fla. 1st DCA 2004). Here, there was no showing that either minor was unavailable as a witness or that, when they made their statements, they believed that they would be subject to criminal charges. See also Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (holding that out-of-court statements by witnesses that are testimonial in nature are barred under the Confrontation Clause, unless witnesses are unavailable and the defendant had a prior opportunity to cross-examine them).
[3] In Stangherlin v. Kelly, 419 So.2d 1154, 1155 (Fla. 5th DCA 1982), a petition for writ of habeas corpus was denied where, while two officers gave only hearsay testimony, a third witness testified he had helped petitioner move her husband's corpse, but that the death had been an accident. The court found this testimony at a Rule 3.133(b) adversary preliminary hearing established probable cause that petitioner was, if not an accessory to murder, a party to a conspiracy to have her husband beaten, during the course of which he was killed. The Fifth District stated:

As pointed out in Pierce v. Mims, 418 So.2d 273 (Fla. 2d DCA 1982), Rule 3.131(b)(3) has changed the procedure and proofs in probable cause hearings for adversary preliminary hearings. It provides:
(3) Witnesses. All witnesses shall be examined in the presence of the defendant and may be cross-examined. (Emphasis added.) It was therefore necessary that the State establish probable cause that a charged offense was committed and that [the defendant] committed it with competent evidence.
Stangherlin, 419 So.2d at 1155. Competent evidence of the kind that must be presented at the adversary probable cause hearing is something more than inadmissible hearsay. See 14 Fla. Jur.2d Criminal Law § 309 (2005) (citing Pierce and Stangherlin).