PER CURIAM.
Marcus Perry filed an emergency petition for writ of habeas corpus, challenging the trial court’s finding of probable cause at his adversary preliminary hearing. On August 19, 2010, we directed his release “on recognizance subject to the condition that he ... appear at all court proceedings,” Florida Rule of Criminal Procedure 3.133(b)(5), with an opinion to follow.
Perry was arrested for murder, and after the state failed to charge him by indictment or information within twenty-one days, he moved for an adversary preliminary hearing pursuant to Florida Rule of Criminal Procedure 3.133(b).[1] At the hearing, the state presented two witnesses: an individual who testified that her friend *181 was shot, but she could not identify the shooter; and a detective who testified, over defense hearsay objections, to what he was told by other individuals who were present at the shooting. The only testimony by the detective to which the defense did not object was his testimony as to Perry’s statements, in which Perry admitted being present when the shooting took place but denied either possessing or firing a gun at that time or driving the vehicle or firing a gun at police during the high-speed chase that followed the shooting.
Defense counsel argued that hearsay could not be used as the basis for a finding of probable cause at an adversary preliminary hearing, citing Evans v. Seagraves, 922 So.2d 318 (Fla. 1st DCA 2006). Nevertheless, the trial court found that probable cause existed to believe Perry committed the crime of second-degree murder.
Florida Rule of Criminal Procedure 3.133(b)(3) provides that, at an adversary preliminary hearing, “[a]ll witnesses shall be examined in the presence of the defendant and may be cross-examined.” If, from the evidence presented at the hearing, the judge makes a finding of probable cause “that an offense has been committed and that the defendant has committed it, the judge shall cause the defendant to be held to answer to the circuit court.” Fla. R.Crim. P. 3.133(b)(5). If an information has been filed, and the judge finds no probable cause exists, the prosecution is not voided and “the defendant shall be released on recognizance subject to the condition that he ... appear at all court proceedings or shall be released under a summons to appear before the appropriate court at a time certain.” Id.
We agree with Perry that the trial court erred in relying on nothing but inadmissible hearsay to find probable cause that he committed the offense.[2] See Evans, 922 So.2d at 319; Stangherlin v. Kelly, 419 So.2d 1154 (Fla. 5th DCA 1982); Pierce v. Mims, 418 So.2d 273 (Fla. 2d DCA 1982). Accordingly, we grant the petition.
“Of course, [Perry’s] release does not preclude further prosecution by information.” Pierce, 418 So.2d at 274; see also Fla. R.Crim. P. 3.133(b)(5) (“Such release does not, however, void further prosecu *182 tion by information or indictment but does prohibit any restraint on liberty other than appearing for trial.”).

Petition Granted.

HAZOURI and LEVINE, JJ., concur.
GERBER, J., dissents with opinion.

. Prior to the hearing, the defendant was charged by information with second degree murder with a firearm, but that did not elimi *181 nate his entitlement to the hearing. Fla. R.Crim. P. 3.133(b)(1).

. As the First District explained in Evans, 922 So.2d at 321-22:
Hearsay may well be an important part of the "totality of the circumstances” giving law enforcement officers probable cause for an arrest in a given case. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Hearsay may, indeed, suffice in proceedings under Rule 3.133(a), which provides for a nonadversary probable cause determination within forty-eight hours of the defendant's arrest, where the arrest was not made pursuant to an arrest warrant. Rule 3.133(a)(3) specifically sets forth the standard of proof for these nonad-versary probable cause determinations, and explicitly provides that — in determining probable cause justifying an arrest after the fact — the judge shall apply the standard for issuance of an arrest warrant. Findings under Rule 3.133(a) may be based on ex parte sworn complaints, other affidavits, or depositions under oath, and need not (but may also be) based on competent evidence.
In contrast, Rule 3.133(b) provides for an adversary preliminary hearing when the state fails to charge a defendant by information or indictment within twenty-one days of the arrest. Unlike Rule 3.133(a), Rule 3.133(b) does not permit the state to rely wholly on a complaint (even if sworn), on another affidavit or on any other evidence inadmissible at trial. Rule 3.133(b)(3) provides instead that all witnesses shall be examined in the presence of the defendant and may be cross-examined. Rule 3.133(b)(5) provides that the judge shall cause the defendant to be held to answer to the circuit court, only if it appears to the judge "from the evidence” that there is probable cause to believe that the defendant has committed the offense.