GERBER, J.,
dissenting.
I respectfully dissent for reasons similar to those which Judge Thomas expressed in his dissent in Evans v. Seagraves, 922 So.2d 318 (Fla. 1st DCA 2006).
The majority opinion in Evans, which the majority follows here, interprets Florida Rule of Criminal Procedure 3.133(b) as prohibiting a finding of probable cause based on hearsay alone at an adversary preliminary hearing simply because the rule requires the state to produce witnesses and allows the defendant to cross-examine those witnesses. Evans, 922 So.2d at 321-22. I disagree with that interpretation. Instead, I agree with Judge Thomas’s interpretation that “[t]he rule simply provides [a defendant] with an enhanced process to better test the reliability of the State’s evidence.” 922 So.2d at 325-26 (Thomas, J., dissenting).
The reasonableness of this latter interpretation is best demonstrated by comparing a nonadversary probable cause determination under rule 3.133(a) to an adversary preliminary hearing under rule 3.133(b). The most common nonadver-sary probable cause determination occurs at first appearance. See Fla. R.Crim. P. 3.133(a)(1) (“This determination shall be made if the necessary proof is available at the time of the first appearance as required under rule 3.130.... ”). The first appearance judge simply reviews the probable cause affidavit to determine whether there is probable cause for detaining the defendant pending further proceedings. See Fla. R.Crim. P. 3.133(a)(3).
At an adversary preliminary hearing, however, the defendant can challenge the probable cause affidavit. As occurred in this case, the state presumably would call as its witness the officer who completed the probable cause affidavit. The officer would testify about how the investigation established the elements which led to the defendant’s arrest. The defendant would be able to cross-examine the officer and call his own witnesses to rebut the state’s showing. The rights to cross-examine and call witnesses are great advantages which simply do not exist at a nonadversary probable cause determination.
I would deny the petition for writ of habeas corpus and would certify conflict with Evans. I also would encourage the Florida Bar’s criminal rules committee and our Supreme Court to clarify the proper scope of an adversary preliminary hearing by including a “standard of proof’ definition in rule 3.133(b). Rule 3.133(a)(3) includes a “standard of proof’ definition for a nonadversary probable cause determination, but rule 3.133(b) contains no such definition for an adversary preliminary hearing.