WALLIS, J.
Justin H. Parry-Hoepfner (“Petitioner”) seeks a writ of mandamus compelling the trial court to order an adversary preliminary hearing pursuant to Florida Rule of Criminal Procedure 3.133(b)(1). We sua sponte treat the instant petition as a petition for writ of certiorari. Because Petitioner was entitled to an adversary preliminary hearing, we grant his request.
Pursuant to an arrest warrant, Petitioner was taken into custody on March 19, 2013. He filed a motion to set reasonable bond, which the trial court denied at a bond hearing on April 10, 2013. Petitioner remained incarcerated. On April 19, 2013, the State filed its information charging Petitioner with five felonies. On June 18, 2013, Petitioner filed a motion for an adversary preliminary hearing pursuant to Florida Rule of Criminal Procedure 3.133(b)(1), which provides:
(b) Adversary Preliminary Hearing.
(1) When Applicable. A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant’s entitlement to this proceeding.
Fla. R.Crim. P. 3.133(b)(1). Petitioner argued that because approximately thirty days elapsed between the date of his arrest and the date the State charged him, he was entitled to an adversary preliminary hearing.
On July 2, 2013, the trial court held a hearing on Petitioner’s motion. The State agreed that Petitioner was entitled to an adversary preliminary hearing based on the clear provisions of rule 3.133(b)(1). On August 14, 2013, the trial court denied Petitioner’s motion for adversary preliminary hearing because Petitioner “did not timely assert his right to the hearing after 21 days of incarceration, but before the information was filed.”
The trial court’s interpretation of rule 3.133(b)(1) is not supported by its language, which provides that “[t]he ... subsequent filing of an information or indictment shall not eliminate a defendant’s entitlement to this proceeding.” Rule 3.133(b)(1) contains no exception that precludes Petitioner from seeking an adversary preliminary hearing after the filing of information. The only timing requirement prevents a defendant from filing for an adversary preliminary hearing prior to *865 being incarcerated for twenty-one days without formal charges.[1]
We find that the trial court failed to comply with the clear directives of rule 3.133(b)(1) by refusing to set Petitioner’s case for an adversary preliminary hearing. Because the trial court departed from the essential requirements of the law, we grant the petition.
PETITION FOR WRIT OF CERTIO-RARI GRANTED with DIRECTIONS FOR TRIAL COURT TO GRANT ADVERSARY PRELIMINARY HEARING.
GRIFFIN and BERGER, JJ., concur.

. We note that, in response to the instant petition, the State does not offer any argument in support of the trial court’s rationale for denying Petitioner’s request for an adversary preliminary hearing.