# Third District Court of Appeal

## State of Florida

Opinion filed March 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0331
Lower Tribunal Nos. F23-17968, F23-18427

_____

**Jose Benito Larioszambrana,**

Petitioner,

vs.

**The State of Florida, et al.,**

Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

The Law Offices of Sean Marcus, PLLC, and Sean T. Thomas Marcus, for petitioner.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for respondent The State of Florida.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

EMAS, J.

Petitioner, Jose Benito Larioszambrana, was arrested for two separate alleged offenses of lewd and lascivious molestation on a child less than 12 years of age. However, because no information was filed within 21 days of his arrest, Petitioner was entitled to an adversary preliminary hearing on each of those charges.[1] See Fla. R. Crim. P. 3.133(b)(1) ("A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.") See also Evans v. Seagraves, 922 So. 2d 318 (Fla. 1st DCA 2006); Parry-Hoepfner v. State, 128 So. 3d 864 (Fla. 5th DCA 2013).

Prior to the adversary preliminary hearing, the State filed a notice of its intent to rely on two out-of-court statements made by the child victim, seeking their introduction pursuant to section 90.803(23), Florida Statutes (2023). That statute establishes certain requirements of reliability and

---

[1] The instant petition involves only one of the two cases—lower court case number F23-17968. In the second case (F23-18427), the State was unable to proceed with the adversary preliminary hearing, and has conceded Petitioner was entitled to be released on recognizance in that case. The trial court's written order, filed March 5, 2024, directs Petitioner's release on recognizance in that case.

trustworthiness that must be met, and findings that must be made, before an

out-of-court statement of a child victim may be deemed admissible at a civil

or criminal proceeding.[2]  Relevant to the issue raised in this petition, section

---

[2] Section 90.803(23) provides in full:

**Hearsay exception; statement of child victim.--**
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as

3

90.803(23)(a)2. further provides that an out-of-court statement of a child victim is not admissible unless:

The child either:

a. Testifies; or

b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).

The trial court conducted a hearing and, over Petitioner's objection, ruled that the out-of-court statements of the child victim were admissible at the adversary preliminary hearing.   Those statements were introduced through the testimony of the two witnesses called by the State.

However, the child victim did not testify at the adversary preliminary hearing.  Further, the State did not offer any evidence (nor did the trial court make any determination) that the child victim was "unavailable as a witness." As a result, the out-of-court statements of the child victim did not meet the

---

evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.

requirements for admission under section 90.803(23), and constituted inadmissible hearsay. <u>Fuller v. State</u>, 540 So. 2d 182, 185 (Fla. 5th DCA 1989) ("As a condition of admissibility, the statute [section 90.803(23)] requires that the court find that the time, content and circumstances of the statement provide sufficient safeguards of reliability **and** that the child either testifies or is unavailable as a witness.") (Emphasis added).

These inadmissible hearsay statements were the only statements of the child victim introduced by the State at the adversary preliminary hearing in support of a finding of probable cause that Petitioner committed the crime of lewd and lascivious molestation of the child victim in F23-17968.

The law is clear that the State may not rely exclusively on inadmissible hearsay to establish probable cause in an adversary preliminary hearing under rule 3.133(b). However, inadmissible hearsay evidence may be considered by the trial court at an adversary preliminary hearing so long as there is admissible evidence presented to support a finding of probable cause. <u>See, e.g.</u>, <u>Davis v. Junior</u>, 300 So. 3d 307, 308 (Fla. 3d DCA 2020) ("'Rule 3.133(b) does not permit the state to rely <u>wholly</u> on a complaint (even if sworn), on another affidavit or <u>on any other evidence inadmissible at trial</u>.'")

(emphasis added) (quoting Evans v. Seagraves, 922 So. 2d 318, 321 (Fla. 1st DCA 2006)).[3]

Petitioner contends that, because the statements of the child victim were inadmissible hearsay, and there was no other admissible evidence to establish probable cause that an offense has been committed and that the defendant has committed it, see Fla. R. Crim. P. 3.133(b)(5), he is entitled to a release on recognizance in case number F23-17968. Upon our review of the record, we agree. While the State certainly introduced some admissible evidence at the hearing, the State failed in its burden to present admissible evidence establishing "probable cause to believe that an offense has been committed and that the defendant has committed it." Indeed, the only

---

[3] We reject Petitioner's suggestion that Davis v. Junior, 300 So. 3d 307 (Fla. 3d DCA 2020) holds that admissible hearsay (i.e., hearsay evidence admissible under a statutory exception) is not competent evidence in an adversary preliminary hearing. In Davis, this court relied on and cited to Evans v. Seagraves, 922 So. 2d 318 (Fla. 1st DCA 2006), which drew the proper distinction. In Evans, the First District "issued the writ because the only evidence adduced at [petitioner's] adversary preliminary hearing was a hearsay account **which would not have been admissible if offered at trial**. Our decision is the latest in an unbroken line of precedent holding that hearsay testimony (**not falling within some exception to the rule excluding hearsay)** does not, by itself, meet the state's burden at an adversary preliminary hearing under Florida Rule of Criminal Procedure 3.133(b)." Id. at 319 (additional citations omitted) (emphasis added). The proper question is not whether the evidence offered is hearsay or nonhearsay, but whether it is admissible or inadmissible hearsay. In other words, and as Evans framed it, whether the evidence "would [] have been admissible if offered at trial." Id.

evidence that a crime was committed, and that Petitioner committed it, came from the inadmissible out-of-court statements of the child victim.[4]

We therefore grant the petition, issue the writ, vacate the order under review, and direct the trial court to issue an order releasing Petitioner on his own recognizance in case number F23-17968, subject to the condition that he appear at all future court proceedings. This opinion shall take effect

---

[4] We reject the State's suggestion that this court could deny the petition upon an alternative finding that one of the hearsay statements of the child victim was independently admissible as an excited utterance under section 90.803(2) ("A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.") The State did not offer this statement as an excited utterance at the adversary preliminary hearing, nor did the trial court admit the statement as such. And of course, Petitioner did not have an opportunity to object to, or present argument against, the admission of the statement as an excited utterance. Under such circumstances, we decline the invitation to make such a determination of admissibility in the first instance, especially considering the fact-based nature of the predicate that must be laid before such evidence can be admitted under this hearsay exception. See, e.g., Evans v. State, 838 So. 2d 1090, 1093 (Fla. 2002) (stating that to constitute an excited utterance, the qualifying statement must relate to "a startling event or condition" and "(1) the declarant must have experienced or witnessed an event startling enough to cause nervous excitement; (2) the statement must have been made while under the stress of excitement caused by the startling event; and (3) the statement must have been made before there was time to contrive or misrepresent.") See also Robertson v. State, 829 So. 2d 901 (Fla. 2002) (holding district court improperly applied the Tipsy Coachman doctrine to affirm trial court's admission of evidence on an alternative evidentiary basis not argued in the trial court, where the record was insufficient for appellate court to determine evidence was properly admitted on this alternative basis).

immediately, notwithstanding the filing or disposition of any motion for rehearing.